

# OHIO OPERATING ENGINEERS PENSION FUND

# PLAN DOCUMENTS

## JANUARY 1999



JR - 0001

# TABLE OF CONTENTS

| ARTICLE | | PAGE |
|---|---|---|
| 1 | DEFINITIONS | p1 |
| 1.01 | Accrued Monthly Benefit | p1 |
| 1.02 | Act | p1 |
| 1.03 | Actuarial Equivalent | p1 |
| 1.04 | Annuity Starting Date | p2 |
| 1.05 | Beneficiary | p2 |
| 1.06 | Break in Service | p2 |
| 1.07 | Code | p2 |
| 1.08 | Contingent Annuitant | p2 |
| 1.09 | Credited Service | p2 |
| 1.10 | Deferred Vested Participant | p3 |
| 1.11 | Early Retirement Age | p3 |
| 1.12 | Effective Date | p3 |
| 1.13 | Election Period | p3 |
| 1.14 | Employee | p3 |
| 1.15 | Employer | p4 |
| 1.16 | Fund Administrator | p4 |
| 1.17 | Future Service Credit Years | p4 |
| 1.18 | Hour of Service | p5 |
| 1.19 | Normal Form | p7 |
| 1.20 | Normal Retirement Age | p7 |
| 1.21 | Participant | p7 |
| 1.22 | Past Service Credit Year | p7 |
| 1.23 | Plan | p8 |
| 1.24 | Plan Year | p8 |
| 1.25 | Qualified Election | p8 |
| 1.26 | Qualified Joint and Survivor Annuity | p10 |
| 1.27 | Qualified Preretirement Survivor Annuity | p10 |
| 1.28 | Service Credit Year | p10 |
| 1.29 | Spouse or Surviving Spouse | p11 |
| 1.30 | Trustees | p11 |
| 1.31 | Union | p11 |
| 1.32 | Unfunded Vested Benefits | p12 |
| 1.33 | Unreduced Early Retirement | p12 |
| 1.34 | Withdrawal Liability | p12 |

JR - 0002

| Article | | Page |
|---|---|---|
| 2 | PARTICIPATION | p12 |
| | 2.01 Initial Eligibility | p12 |
| | 2.02 Eligibility Under Reciprocal Agreement | p12 |
| 3 | CREDITED SERVICE | p13 |
| | 3.01 Continuous Employment | p13 |
| | 3.02 Break in Service | p14 |
| 4 | ELIGIBILITY FOR RETIREMENT BENEFITS | p15 |
| | 4.01 Normal Retirement | p15 |
| | 4.02 Early Retirement | p15 |
| | 4.03 Disability Retirement | p17 |
| | 4.04 Deferred Vested Benefit | p18 |
| 5 | AMOUNT OF RETIREMENT BENEFITS | p19 |
| | 5.01 Normal Retirement | p19 |
| | 5.02 Unreduced Early Retirement Benefit | p20 |
| | 5.03 Early Retirement Benefit | p21 |
| | 5.04 Disability Retirement Benefit | p21 |
| | 5.05 Deferred Vested Benefit | p22 |
| | 5.06 Increased Benefits for Certain Former Participants and Spouses | p23 |
| | 5.07 Benefit after Break in Service | p23 |
| 6 | PAYMENT OF BENEFITS | p24 |
| | 6.01 Method of Payment | p24 |
| | 6.02 Designation of Beneficiary or Contingent Annuitant | p25 |
| | 6.03 Additional Distribution Requirements | p26 |
| | 6.04 Timing of Payments | p26 |

| Article | | Page |
|---|---|---|
| 6.05 | Return to Work Outside Union Jurisdiction After Benefits Have Commenced | p27 |
| 6.06 | Suspension of Benefits | p27 |
| 7 | DEATH BENEFITS | p29 |
| 7.01 | General | p29 |
| 7.02 | Death After Benefit Commencement Date | p29 |
| 7.03 | Death After Application for Benefits | p30 |
| 7.04 | Death Before Retirement - Married Participant | p30 |
| 7.05 | Death Before Retirement - Unmarried Participant | p33 |
| 7.06 | Payment Upon Death of Participant | p33 |
| 7.07 | Distribution Requirements Applicable to Death Benefits | p34 |
| 7.08 | Eligible Rollover Distributions | p35 |
| 8 | TRUSTEES | p36 |
| 8.01 | Board of Trustees | p36 |
| 9 | PLAN ADMINISTRATION | p36 |
| 9.01 | Plan Administration | p36 |
| 9.02 | Powers and Duties of the Trustees and the Fund Administrator | p36 |
| 9.03 | Rules and Decisions | p37 |
| 9.04 | Applications and Forms | p38 |
| 9.05 | Facility of Payment | p38 |
| 10 | CONTRIBUTIONS; FUNDING POLICY | p38 |
| 10.01 | Contributions | p38 |

JR - 0004

| Article | | Page |
|---|---|---|
| 11 | AMENDMENTS | p39 |
| | 11.01 Trustees' Right to Amend Plan | p39 |
| | 11.02 Amendment of Vesting Rights | p39 |
| 12 | TERMINATION; DISTRIBUTION OF ASSETS | p40 |
| | 12.01 Plan Termination | p40 |
| | 12.02 Distribution of Benefits | p40 |
| 13 | CREDITORS OF PARTICIPANTS | p40 |
| | 13.01 Non-Assignability | p40 |
| | 13.02 Qualified Domestic Relations Orders | p41 |
| 14 | CLAIMS PROCEDURE | p42 |
| | 14.01 Filing a Claim for Benefits | p42 |
| | 14.02 Denial of Claim | p42 |
| | 14.03 Review Procedure | p43 |
| 15 | MISCELLANEOUS | p44 |
| | 15.01 Employer's Right to Terminate Employees | p44 |
| | 15.02 Gender | p44 |
| | 15.03 Service Credit Period | p44 |
| | 15.04 Maximum Benefit Limitation | p44 |
| | 15.05 Named Fiduciaries | p44 |
| | 15.06 Plan Merge | p45 |
| | 15.07 Notice Requirements | p45 |
| | 15.08 Right of Recovery | p46 |
| | 15.09 Limitation on Reversion of Contributions | p46 |
| | 15.10 Specific Effective Dates | p47 |
| 16 | WITHDRAWAL LIABILITY | p47 |
| | 16.01 General Liability | p47 |
| | 16.02 Amount of Withdrawal Liability | p47 |
| | 16.03 De Minimis Rule | p48 |

APPENDIX A

JR - 0005

sumptions contained in Appendix A attached hereto and made a part hereof.

### 1.04.  Annuity Starting Date

"Annuity Starting Date" means the first day of the first period for which an amount is paid as an annuity or in any other form.

### 1.05.  Beneficiary

"Beneficiary" means, subject to the provisions of Article 6, the individual designated by a Participant as being entitled to receive any death benefit payable under the Plan.

### 1.06.  Break in Service

"Break in Service" means, with respect to Future Service Credit Years a five-year period (before June 1, 1998, a three-year period), each year of which ends May 31, during which a Participant is not credited with at least 300 Hours of Service during any one of those years.  With respect to Past Service Credit Years, a Participant will incur a Break in Service in accordance with the rules described in Section 1.22.

### 1.07.  Code

"Code" means the Internal Revenue Code of 1986, as may be amended from time to time.

### 1.08.  Contingent Annuitant

"Contingent Annuitant" means the Spouse, son or daughter designated by a Participant at the time of his retirement to receive any benefits under this Plan after the Participant's death.

### 1.09.  Credited Service

"Credited Service" means the sum of a Participant's Past Service Credit Years and his Future Service Credit Years.  Credited Service shall be determined on the basis of the 12-consecutive-month period ending each May 31.

JR - 0007

### 1.29.    Spouse or Surviving Spouse

"Spouse" or "Surviving Spouse" means, for purposes of payment of either a Qualified Joint and Survivor Annuity or a Qualified Preretirement Survivor Annuity, the person to whom a Participant is currently married, provided that such person shall not be treated as a "Spouse" or "Surviving Spouse" unless he or she has been married to the Participant throughout the one-year period ending on the earlier of (a) the date on which retirement or disability benefits are to commence; or (b) the date of the Participant's death.  If a Participant marries within one year of the date on which retirement or disability benefits are to commence and the Participant and his Spouse in such marriage have been married for at least a one-year period ending on or before the date of the Participant's death, for purposes of this Plan, such Participant and such Spouse shall be treated as having been married throughout the one-year period ending on the date on which retirement or disability benefits are to commence.  For purposes of payment of either a Qualified Joint and Survivor Annuity or a Qualified Preretirement Survivor Annuity, a former Spouse will also be treated as a "Spouse" or "Surviving Spouse" to the extent provided under a qualified domestic relations order, as described in Section 13.02.

### 1.30.    Trustees

"Trustees" means the initial Trustees designated in the Agreement and Declaration of Trust together with their successors designated or appointed in accordance with the terms of said Agreement and Declaration of Trust.

### 1.31.    Union

"Union" means Local Union No. 18 of the International Union of Operating Engineers and its branches.

JR - 0016

## ARTICLE 7
## DEATH BENEFITS

### 7.01.    General

Except as provided in this section, no death benefits shall be payable under the Plan. The provisions of this Article 7 shall exclusively govern the payment of death benefits under the Plan, even to the exclusion of any laws governing a decedent's estate to the extent that such laws are preempted by the Act. Notwithstanding any provision contained herein, death benefits provided under this Plan shall be incidental, within the meaning of Section 1.401-1(b)(1) of the regulations issued by the Secretary of the Treasury and the rulings issued thereunder.

### 7.02.    Death after Benefit Commencement Date

If a former Participant who is receiving a benefit under the Plan dies, death benefits shall be provided hereunder pursuant to the form of payment in effect under Article 6 at the time of such former Participant's death. A former Participant who has a form of payment of benefits in effect at the time of his death which provides for no payments to either his Spouse, Contingent Annuitant or Beneficiary after his lifetime shall have no death benefit coverage hereunder.

If a Participant retires having elected a pension for life with no survivor annuity provisions (with spousal consent in the case of a married Participant) and begins receiving either a retirement benefit, disability retirement benefit or deferred vested benefit and dies before having 60 monthly payments of such benefit, payments shall be made to the Participant's Beneficiary either (a) monthly until the remainder of the 60 monthly payments have been made; or (b) in a single lump sum amount calculated using a 5% interest reduction factor. If payments continue to be made monthly to the Participant's Beneficiary and said Beneficiary dies before such 60 monthly payments

J R - 0 0 3 4

have been made, the remaining payments shall be made as prescribed in Section 7.06. If, upon the death of the Beneficiary, the payment is to be made to the Beneficiary's estate or to more than one individual, such payment will be made in a single lump sum amount calculated using a 5% interest reduction factor.

### 7.03.    Death After Application for Benefits

Upon the death of a Participant who has satisfied all requirements for a benefit to commence under the Plan, including the completion of an application with the Fund Administrator in which a payment form is elected, prior to the actual commencement of benefits to such Participant, his Beneficiary shall have the option to receive benefits either (a) in accordance with the provisions applicable to the form of benefit elected by the Participant prior to his death; or (b) under the remaining provisions of this Article 7 as if the Participant had died prior to retirement. If the Participant dies without satisfying all of the requirements for the payment of benefits under the Plan, payment of any death benefits under the Plan shall be made in accordance with the remaining provisions of this Article 7 as if the Participant had died prior to retirement, unless the Trustees determine, in a nondiscriminatory manner, to allow the Participant's Beneficiary to receive benefits in some other form.

### 7.04.    Death Before Retirement - Married Participant

(a) <u>Vested Married Participant</u>. If a married Participant who has been married for at least one year and who is fully vested in his Accrued Monthly Benefit (including a Deferred Vested Participant) dies before actual retirement, his Surviving Spouse shall receive a death benefit in the form of a Qualified Preretirement Survivor Annuity. If such Spouse is the Participant's sole Beneficiary, the Spouse may elect the death

JR - 0035

benefit provided in either paragraph (c) or (d) of this Section 7.04 instead of such Qualified Preretirement Survivor Annuity. If such Spouse is not the Participant's sole Beneficiary, only the Qualified Preretirement Survivor Annuity will be payable; and there will be no benefits payable to any other Beneficiary. A Surviving Spouse shall not be required to begin receiving payment of such benefit prior to the time that the Participant would have attained his Normal Retirement Age. If the Participant's Surviving Spouse had waived the right to a Qualified Preretirement Survivor Annuity within the Election Period pursuant to a Qualified Election, the Participant's Beneficiary shall receive the death benefit provided in paragraph (c). If the Participant has not been married to the Spouse for at least one year at the time of the Participant's death, the Qualified Preretirement Survivor Annuity shall not be payable to the Participant's Spouse. In such a case, death benefits under this section shall be payable to the Beneficiary of the Participant as provided in either paragraph (c) or (d).

(b) <u>Non-Vested Married Participant</u>. If a married Participant who is not fully vested in his Accrued Monthly Benefit dies before actual retirement and his Surviving Spouse is his sole Beneficiary, the Spouse may elect the death benefit provided in either paragraph (c) or (d) of this Section 7.04. If such Spouse is not the Participant's sole Beneficiary, the Participant's Beneficiary shall receive the death benefit provided in paragraph (c).

(c) <u>Return of Employer Contribution</u>. A Surviving Spouse who elects to receive the death benefit provided under this paragraph or a Beneficiary other than a Surviving Spouse shall be entitled to receive a death benefit equal to the amount of Employer contributions credited under the Plan to the Participant at the time of his death.

p31

JR - 0036

(d) <u>Alternative Monthly Benefit</u>.  If a married Participant dies before actual retirement at a time when Employer contributions for at least 1,000 Hours of Service are then credited under the Plan to the Participant, his Spouse (if she is his sole Beneficiary or is otherwise entitled to this election pursuant to other provisions of this section) may elect to receive $75 per month payable until the earlier of (i) the date on which said Spouse remarries; or (ii) the date on which said Spouse attains age 65.  If the Spouse elects payment under this paragraph (d) but dies before receiving at least the benefit to which she would have been entitled had she elected payment under paragraph (c), the difference between the amounts will be divided equally among the surviving children of the deceased Participant.  If there are no surviving children at the time of the Spouse's death, no further benefit will be paid under this paragraph (d).  If a Surviving Spouse elects to receive the monthly benefit described in this paragraph (d), subject to the provisions of Article 6, each of the deceased Participant's unmarried children under age 18 shall also receive $75 per month until the earliest of (A) the date on which said child attains age 18; (B) the date on which said child marries; (C) the date on which the Spouse remarries; or (D) the date on which the Spouse attains age 65.

(e) <u>Death of Surviving Spouse Prior to Commencement of Preretirement Survivor Annuity</u>.  If a Participant's Surviving Spouse should die prior to commencement of payment of the Qualified Preretirement Survivor Annuity required in paragraph (a), the Participant's Beneficiary shall be entitled to receive the death benefit provided in paragraph (c). If the Participant failed to designate a Beneficiary, or if said Beneficiary shall not survive the Participant's Surviving Spouse, the death benefit provided in paragraph (c) shall be paid as prescribed in Section 7.06 as if the Participant had been unmarried at the time of his death.

JR - 0037

(f) <u>Benefits Upon Termination of Marriage</u>. When a Participant designates his Spouse as his Beneficiary and thereafter their marriage is terminated, in the absence of a qualified domestic relations order or other written evidence to the contrary, the former Spouse shall have no rights to any benefits under the Plan.

## 7.05. Death Before Retirement - Unmarried Participant

If an unmarried Participant, including a Deferred Vested Participant, dies before actual retirement, his Beneficiary shall be entitled to receive a death benefit equal to the amount of Employer contributions credited under the Plan to the Participant at the time of his death.

## 7.06. Payment Upon Death of Participant

Upon the death of either an unmarried Participant or a non-vested married Participant who is eligible for a death benefit, the Trustees, upon proper notice and such verification as they shall require, shall pay the death benefit to such Beneficiary as said Participant shall have designated; provided, however, that in default of such designation or if the last designated Beneficiary shall not survive the Participant, the death benefit shall be paid in a single sum to the first surviving class of the following classes of successive preference Beneficiaries: (a) the Spouse (if any); (b) child or children; (c) parents; and (d) brothers and sisters. For purposes of this section, the words "child" and "children" shall include the legally adopted child or children of the Participant. In the event that a Participant's Beneficiary is a minor child and the amount payable to such child under this Article 7 is equal to or greater than $1,000, such amount shall be paid by the Fund Administrator to the court appointed guardian of such child.

JR - 0038

Upon the death of a vested married Participant who has been married for at least one year preceding the date of death but who has not attained his Early Retirement Age, the Trustees, upon proper notice and such verification as they shall require, shall pay a Qualified Preretirement Survivor Annuity to the Surviving Spouse of such Participant unless the Surviving Spouse has waived the right to such annuity within the Election Period pursuant to a Qualified Election. Upon receipt of such a waiver, the Trustees shall pay the death benefit to such Beneficiary as the Participant shall have designated; provided, however, that in default of such designation or if the last designated Beneficiary shall not survive the Participant, the death benefit shall be paid in a single sum to the Surviving Spouse.

Notwithstanding any provision contained in this Article 7, if a designated Beneficiary or a Surviving Spouse of a Participant causes the death of the Participant through such Beneficiary's or Spouse's willful act, the designated Beneficiary or Surviving Spouse who causes the Participant's death shall have no right to receive any benefit under the Plan. In the event that a Participant has more than one Beneficiary, the interest of the Beneficiary who causes the Participant's death shall be divided equally among the remaining Beneficiaries.

## 7.07. Distribution Requirements Applicable to Death Benefits

If the distribution of the Participant's interest under the Plan has begun and he dies before his entire interest has been distributed to him, the remaining portion of such interest will be distributed at least as rapidly as under the method of distribution being used prior to the Participant's death.

Subject to the succeeding paragraph, if the Participant dies before his distribution has begun, his entire

JR - 0039

Plan in their sole and absolute discretion. These powers shall include, but not be limited to, the following:

(a) to construe and interpret the Plan, decide all questions of eligibility and determine the amounts, manner and time of payment of any benefits hereunder;

(b) to prescribe procedures to be followed by Participants or Beneficiaries filing applications for benefits;

(c) to prepare and distribute, in such manner as the Trustees or the Fund Administrator determines to be appropriate, information explaining the Plan;

(d) to receive from any Employer and from Participants such information as shall be necessary for the proper administration of the Plan;

(e) to furnish an Employer, upon request, such annual reports with respect to the administration of the Plan as are reasonable and appropriate;

(f) to receive and review the periodic valuation of the Plan made by the Plan's actuary;

(g) to receive, review and keep on file (as it deems convenient or proper) financial reports;

(h) to appoint or employ individuals, including an investment advisor, to assist in the administration of the Plan and any other agents it deems advisable, including legal and actuarial counsel.

## 9.03.   Rules and Decisions

The Trustees and the Fund Administrator, if so directed by the Trustees, may adopt such rules and actuarial tables as they deem necessary, desirable or appropriate. All rules and decisions of the Trustees or the Fund Administrator shall be uniformly and consistently applied to all Participants in similar circumstances. When making a determination or calculation, the Trustees and the Fund Administrator shall be

JR - 0042

entitled to rely upon information furnished by a Participant or Beneficiary, an Employer, the legal counsel of an Employer or the Plan's actuary.

## 9.04. Applications and Forms

The Fund Administrator may require a Participant to complete and file with the Fund Administrator an application for benefits and all other forms approved by the Trustees and the Fund Administrator and to furnish all pertinent information requested by the Fund Administrator. The Fund Administrator may rely upon all such information so furnished him, including the Participant's current mailing address.

## 9.05. Facility of Payment

Whenever, in the Fund Administrator's opinion, a person entitled to receive any payment of a benefit or installment thereof hereunder is under a legal Disability or is incapacitated in any way so as to be unable to manage his financial affairs, the Fund Administrator may make payments to such person or to his legal representative or to a relative of such person for his benefit; or the Fund Administrator may apply the payment for the benefit of such person in such manner as the Fund Administrator considers advisable. Any payment of a benefit or installment thereof in accordance with the provisions of this section shall be a complete discharge of any liability for the making of such payment under the provisions of the Plan.

## ARTICLE 10
## CONTRIBUTIONS; FUNDING POLICY

## 10.01. Contributions

The Employers shall make such contributions as required by applicable collective bargaining or other legally permissible written agreement. Participants shall not be required or allowed to contribute to the Plan.

JR - 0043





# *Ohio Operating Engineers*

*Fringe Benefit Programs*

1180 Dublin Road • PO Box 12009 • Columbus OH 43212-0009
Area 614 488-0708

Raymond Orrand ★
Administrator ★

Dear Mr. _____ :

You are eligible for _____ benefits under the Ohio Operating Engineers Pension Plan ("Plan"). You may elect to receive payment of your benefits under the Plan in one of the following forms effective _____ .

(1) *Life Annuity; 60 Payments Certain* - Under this form of payment you will receive monthly payments for the remainder of your life. However, if you should die prior to the time that you receive 60 monthly payments, the remainder of such 60 payments will be made to your named beneficiary. Your named beneficiary is the person named on your Beneficiary Designation Card for post-retirement death benefits under the Pension Plan (in effect as of your death). If your named beneficiary should die prior to the time that 60 payments are made, any remaining payments will be made to your spouse, (if any) or your children. If you should die after 60 monthly payments have been made to you, payments from the Plan shall cease upon your death.

(2) *50% Contingent Annuitant Benefit* - Under this form of payment, you will receive monthly payments for the remainder of your life. At the time that you die, payments, equal to 50% of the monthly payments made to you during your lifetime, shall be made to your named contingent annuitant for the remainder of his or her life. (Your contingent annuitant may be either a son or daughter.) Payments under the Plan shall cease upon the death of both you and your named contingent annuitant.

For purposes of this election, a former spouse's consent will be required if a Qualified Domestic Relations Order issued by a court of law requires that your former spouse be treated as your spouse.

The following schedule shows the amount that will be payable under each of the payment forms described above. With respect to the 50% Contingent Annuity Option, the monthly amounts payable to you and to your named contingent annuitant will depend upon your age and the age of your named contingent annuitant at your retirement.

JR - 0087

*Health and Welfare Plan • Pension Fund • Apprenticeship Fund • Education and Safety Fund*

| Payment Form | Monthly Amount Payable to You | Monthly Amount Payable to Named Beneficiary or Contingent Annuitant |
|---|---|---|
| Life Annuity; 60 Payments Certain | $ | Named Beneficiary - The remainder of unpaid 60 payments certain or a lump sum payment. |
| 50% Contingent Annuity | N/A | Contingent Annuitant (Son or Daughter) – |

Before we can start paying any of your benefits, you must indicate your election of payment form on the enclosed Member's Election of Benefits Form, date and sign the Form and return it to us in the enclosed envelope.

Regardless of which form of payment you choose to receive at this time, you will have 90 days after the date that you sign the Member's Election of Benefits form in which to change your mind and choose one of the other payment options for which you are eligible. If you do change your mind and notify this office in writing within the 90 day period, your benefits will be adjusted retroactively for any months for which benefits have been paid. Benefits thereafter will be paid in accordance with the change of elections. *UNDER NO CIRCUMSTANCES, WILL YOU BE PERMITTED TO CHANGE THE FORM OF PAYMENT OF YOUR BENEFITS UNDER THE PLAN MORE THAN 90 DAYS AFTER THE DATE ON WHICH YOU SIGN THE MEMBER'S ELECTION OF BENEFITS FORM.*

If you have any questions concerning the Plan or your benefit rights, you should contact our office before completing the Election of Benefits Form.

Sincerely,


Ray Orrand
Administrator

JR - 0088

**OHIO OPERATING ENGINEERS PENSION PLAN**
*Unmarried Member's Election of Pension Benefits*

Member's Name: _____     S.S.# _____

Contingent
Annuitant's Name:_____     SSN:_____

---

FORM OF PENSION. I have been informed of my pension benefit rights and I elect to receive pension benefits as follows: (CHECK ONLY ONE BOX)

☐     Life Annuity with 60 Payments Certain

☐     50% Contingent Annuity

---

FEDERAL INCOME TAX WITHHOLDING. I elect Federal income tax withholding on my pension as follows:

☐     Withhold $_____ from each monthly payment.

☐     Withhold based on the following:
      a.   Number of allowances: _____
      b.   Marital status: Single
      c.   Additional dollar amount to be withheld from each payment (optional): $_____

☐     Do not withhold any Federal income tax.

If you want more information on federal income tax withholding on your pension, ask for IRS Form W-4P. Unless you elect otherwise, federal income tax must be withheld from your pension as if you are married (even though you are not married) with three federal income tax exemptions.

You may change your federal income tax withholding at any time and as often as you wish by completing and filing a new election on IRS Form W-4P with Ohio Operating Engineers. A new federal income tax election will be effective no later than the January 1, May 1, July 1 or October 1 after it is received, so long as it is received at least 30 days before that date.

If you elect not to have withholding apply to your distribution, or if you do not have enough Federal income tax withheld from your distribution, you may be responsible for payment of estimated tax. You also may incur tax penalties under the estimated tax payment rules if your payments of estimated tax and withholding (including amounts withheld on this distribution), if any, are not sufficient. State and local taxes may also apply.

---

I certify that I am not married.

*SIGN AND RETURN THIS FORM BY* _____.

*Date:*_____     *Member's Signature:*_____

R-3 (12/99)

06/05/02 - 8531940.2

**JR - 0089**

# OHIO OPERATING ENGINEERS PENSION FUND
## CALCULATION OF BENEFIT

|  | MEMBER | SPOUSE/CONTINGENT: |
|---|---|---|

NAME:.......................... _____ _____

PENSION EFFECTIVE DATE:.......... _____ _____

MEMBER'S BIRTHDATE:.............. _____ _____

AGE ON DATE OF RETIREMENT........ _____ _____

### EARLY RETIREMENT.........NR AGE: 62

MEMBER'S DATE OF BIRTH:.......................... _____

MEMBER ATTAINS AGE 62:.......................... _____

EFFECTIVE DATE FOR N.R........................... _____

EFFECTIVE DATE FOR E.R........................... _____

YEARS/MONTHS UNDER AGE 62...... _____ =MONTHS

_____ MONTHS @ 1/2% REDUCTION PER MONTH = ____ %REDUCTION

BENEFIT CALCULATION:          NR       ER       DB

_____ YEARS   x $_____ = $_____

$_____ x ___% = $_____

TOTAL :       $_____

x _____ % REDUCTION ER   = $_____

TOTAL ER BENEFIT       = $_____

| On or After | But Before | Past Serv. | Future Serv. | Pensioner Increase |
|---|---|---|---|---|
| 7/1/74* | 5/1/76 | $ 3.00 | 2.20% |  |
| 5/1/76 | 3/1/81 | $ 3.00 | 2.25% | $10.00 |
| 3/1/81 | 3/1/84 | $ 6.00 | 2.65% | $35.00 |
| 3/1/84 | 5/1/87 | $10.00 | 3.00% | $35.00 |
| 5/1/87 | 5/1/88 | $15.00 | 3.25% | $35.00 |
| 5/1/88 | 5/1/90 | $15.00 | 3.40% | $35.00 *** |
| 5/1/90 | 2/1/94 | $20.00 | 3.50% | ** |
| 2/1/94 | -7-/-- | $20.00 | 3.60% | $60.00 |

* all pensions active on 7/1/74, effective before 7/1/74, were recalculated
in accordance with the 7/1/74 multipliers. They had been $2.75 plus 6/1/64-
1/1/67 1.28%, 1/1/67-5/1/69 1.40%, 5/1/69-5/1/71 2.06%, 5/1/71-7/1/74 2.15%.
** pensioners with effective dates on or before 4/1/90 were given a one time
lump sum bonus of $1000.00
*** if retirement effective date is before 5/1/87
FORM C-21( 2/94)

JR - 0090



# *Ohio Operating Engineers*

### *Fringe Benefit Programs*

1180 Dublin Road • PO Box 12009 • Columbus OH 43212-0009
Area 614 488-0708

Raymond Orrand ★
Administrator ★

July 25, 2001

RONALD L WINDERS
2581 HONEYHILL CT
CINCINNATI OH 45236

Dear Mr. Winders:

Having learned of the death of your father, Ronald D., on July 11, 2001, the Trustees and I wish to extend our sincere sympathy to you.

Mr. Winders had named his spouse, Mary Jane, as beneficiary to the $3,000.00 death benefit from the Ohio Operating Engineers <u>Health and Welfare Fund</u>. Since they are divorced (we had never been notified of this until your call), the benefit will be divided equally among all surviving children, unless Mr. Winders had a spouse at the time of death. The enclosed Affidavit of Survivorship is to be completed and signed in the presence of a notary.

Mary Jane was the named beneficiary to the death benefit payable by the Ohio Operating Engineers <u>Pension Fund.</u> Again the surviving children will divide equally a lump sum payment of the total contributions received on Mr. Winders' behalf prior to his death. That amount is $85,795.10. We will require the following:

1. A certified copy of the death certificate.
2. Part I of the enclosed state tax release is to be completed and the form returned.
3. A copy of Ronald and Mary Jane's divorce decree.

If you have any questions, please contact Vicky Banfield (ext. 135) at the number above.

Sincerely,

Ray Orrand
Administrator

/vlb
encl.

**JR - 0092**

*Health and Welfare Plan • Pension Fund • Apprenticeship Fund • Education and Safety Fund*

# OHIO OPERATING ENGINEERS

## PENSION PLAN

# APPLICATION FOR PENSION BENEFITS

### P.O. BOX 12009     COLUMBUS, OHIO 43212

Telephone (614) 488-0708                          Toll Free In Ohio 1-800-282-1767

---

## INSTRUCTIONS

1. To avoid delay in the processing of your application, read all questions carefully before answering.
2. Please **print** the information required.
3. Enclose a copy of **your** birth record.
4. If married, enclose copies of the following records:
   *a)* Spouse's birth record.
   *b)* Marriage certificate.
   *c)* If you or your spouse had a previous marriage, enclose a copy of the divorce decree or death certificate.
5. Application must be signed, dated and acknowledged before a notary public. (page 4)
   *a)* If you are applying for Permanent and Total Disability pension benefits, complete Certification **#2**.
   *b)* Applicants for other forms of retirement benefits, complete Certification **#1**.
6. Mail completed Application to: Ohio Operating Engineers Pension Plan, P.O. Box 12009, Columbus, Ohio 43212.

# ELIGIBILITY REQUIREMENTS FOR MAKING APPLICATION FOR PERMANENT AND TOTAL DISABILITY BENEFITS:

1. You must be permanently and totally disabled from engaging in employment as an operating engineer or your customary employment or any other employment in which your earnings would be comparable to your former earnings.
2. You must have at least 5 years of credited service in the Pension Plan **and be an active participant at the time the disability commences.**
3. You must be under age 62 as of the effective date that permanent and total disability benefits are to commence.
4. Your physician must complete and return a Medical Examiner's report form which the Fund office will provide.
5. You will be required to undergo an independent physician's examination, the cost of which will be paid for by Ohio Operating Engineers Pension Plan.
6. There is a 5 month waiting period after the date on which the member is determined to have become permanently and totally disabled. If approved, benefits will be payable effective the first of the month following this waiting period.

(1)

JR - 0094

**PLEASE READ INSTRUCTION PAGE BEFORE COMPLETING APPLICATION.**

I.  1. Name: _Winders_ _Ronald_ _D_ _406 54 7649_
      (last)          (first)          (middle)          (social security number)

   2. Address: _9525 Loveland Madeira Rd Loveland Ohio 45140-8906_
                                    (street)
      _____ _Ohio_ _513  791·8155_
          (city)          (state)     (zip code + 4)    (area)(telephone no.)

   3. Birth Date: _4·22 – 40_ (enclose proof of birth)

4. I hereby apply for:
   a.) _✓_ Unreduced Early Retirement, age 61 but prior to age 65.
   b.) _____ Normal Retirement – age 65 or older.
   c.) _____ Early Retirement – age 57-61 with 10 years of credited service.
   d.) _____ Disability Retirement – under age 62 with 5 years of credited service.
           (DISABILITY APPLICANTS MUST COMPLY WITH ALL REQUIREMENTS ON (PAGE ONE)
   e.) _____ Joint & Survivor Benefits – if married, available for spouse with a, b, c, or d, above.
   f.) _____ Contingent Annuitant Benefits – available for one surviving son or daughter if joint & survivor benefit
           (e) is not elected for spouse.

5. Union Register Number: _L 401696_ Local Union Number _18_ District Number _5_

6. If you have ever had more than one Union registration number as an operating engineer, list all

   numbers other than the one in Number 5 above: _____ _____ _____

7. Last date worked
   as an operating engineer: _6-28-01_ Employer(s) during last month worked:

   _____ _Kokosing Const Co._ _____

   _____

8. UNEMPLOYMENT COMPENSATION RECEIVED: FROM:_____ TO_____
                                              (MOST RECENT)

9. **Service credit for periods of time after June 1, 1964 may be available, if needed, if you were disabled or in
   the military service.**

   a.) Did you receive Worker's Compensation disability benefits after June 1, 1964? YES ( ) NO (✓) If answer
       is yes, indicate period(s) of time during which benefits were received; and enclose copies of worker's
       compensation documents.

       From _____ To _____ From _____ To _____

   b.) Did you receive Accident and Sick Benefits (loss of time) from the Ohio Operating Engineers Health and
       Welfare Plan after June 1, 1964: YES ( ) NO (✓) If answer is yes, indicate period(s) of time for which
       benefits were received.

       From _____ To _____ From _____ To _____

   c.) Did you serve in any branch of the United States Military Service after June 1, 1964? (except tours of duty of
       not more than 30 days) YES ( ) NO (✓) If answer is yes, enclose copy of discharge papers.

(2)

**JR - 0095**

10. Some local unions, such as Local #18, have their own pension funds. Other locals may participate in Central Pension Fund only. An individual who has worked as an operating engineer in the geographical jurisdiction of more than one local union could possibly be eligible for pension benefits with more than his/her home local's fund. If you ever worked as an operating engineer outside the jurisdiction of Local #18 after June 1, 1964, either Central Pension Fund or the local union's fund should be contacted. To assist you in this, we have listed those locals which participate in Central Pension Fund and those which have their own pension plan.

If you worked in the jurisdiction of any of the following local unions after June 1, 1964, **draw a circle around the union number(s), unless you plan to or have already inquired about pension benefits that may be due you from them.** We will contact the local(s) whose number(s) you circle and make an inquiry on your behalf if it appears that you might be entitled to some benefits.

Local unions participating in Central Pension Fund: 9 - 16 - 49 - 80 - 103 - 139 - 147 - 158 - 181 - 234 - 312 - 318 -

320 - 369 - 382 - 400 - 406 - 450 - 470 - 474 - 497 - 500 - 537 - 624 - 627 - 649 - 673 - 714 - 819 - 841 - 917 - 925 -

926 - 953 - 965.

Local unions with their own pension fund: 3 - 4 - 12 - 15 - 17 - 18 - 25 - 30 - 37 - 57 - 66 - 77 - 98 - 101 - 106 - 132 -

137 - 138 - 150 - 302 - 324 - 370 - 400 (Wyoming), 410 - 428 - 463 - 478 - 513 - 542 - 545 - 571 - 612 - 653 - 675 -

701 - 793 - 825 -832.

11. If you are **NOT** presently married, check here and skip Section II (✓).

II.    If you are married, we are required by the Employee Retirement Income Security Act to obtain the following information:

1. Name of Spouse: _____   _____
                                                                                                    (social security number)

2. Birth date of Spouse: _____ (Enclose proof of birth.)

3. Date of Marriage: _____ (Enclose copy of marriage certificate.)

4. If applicable, enclose divorce decree or death certificate <u>from any previous marriage for pension applicant or spouse.</u>

5. **IF COMMON-LAW MARRIAGE EXISTS, WE WILL REQUIRE CERTAIN INFORMATION AS PROOF OF SAME ONCE APPLICATION IS RECEIVED IN THIS OFFICE. RECOGNIZED ONLY IF ESTABLISHED PRIOR TO OCTOBER 10, 1991.**

III.    If you have a son or daughter whom you might wish to designate for Contingent Annuitant Benefits, instead of a spouse, or because you have no spouse; complete the following. By selecting the Contingent Annuitant option, your monthly pension benefit will be reduced.

1. Child's name: _____   Sex _____

2. Child's birth date: _____   Enclose proof of birth.

**JR - 0096**

**#1**  **THIS CERTIFICATION MUST BE COMPLETED BY ALL APPLICANTS EXCEPT THOSE APPLYING FOR PERMANENT AND TOTAL DISABILITY**

I certify that all of the preceding information is true and correct. I further understand that a false statement may disqualify me for Pension benefits, and that the Trustees shall have the right to recover any payments made to me because of a false statement.

I declare that I will be bound by all the rules and regulations of the Pension Plan and that I understand that I must refrain from employment of 41 hours or more per month as an operating engineer, or my customary employment, within the geographical work jurisdiction of Local #18 for wages or profit while receiving my pension.

Date _____6 · 29 · 01_____    Signature _____Ronald J Winders_____

State of ____Ohio_____    County of ____Hamilton_____, ss.

Before me, a Notary Public, personally appeared ___Ronald   Winders_____, who, being first duly sworn, acknowledged to me that he/she signed the foregoing application and that the statements therein are true.

IN WITNESS WHEREOF, I have set my hand and seal this _____29_____, day of ___June_____, 19~~2001~~

[NOTARIAL SEAL]
MARLENE E. HUTH
Notary Public, State of Ohio
My Commission Expires Oct. 13, 2003

_____Marlene E Huth_____
(Signature of Notary)

_____October 13, 2003_____
(Commission Expires)

---

**#2**  **THIS CERTIFICATION MUST BE COMPLETED BY ALL PERMANENT AND TOTAL DISABILITY APPLICANTS**

I certify that all of the preceding information is true and correct. I further understand that a false statement may disqualify me for Pension benefits, and that the Trustees shall have the right to recover any payments made to me because of a false statement.

I declare that I will be bound by all the rules and regulations of the Ohio Operating Engineers Pension Plan and that I am permanently and totally disabled and unable to engage in employment as an operating engineer, or my customary employment, or any other employment in which my earnings would be comparable to my former earnings.

Date _____    Signature _____

State of _____    County of _____, ss.

Before me, a Notary Public, personally appeared _____, who, being first duly sworn, acknowledged to me that he/she signed the foregoing application and that the statements therein are true.

IN WITNESS WHEREOF, I have set my hand and seal this _____, day of _____, 19 _____

(seal)

_____
(Signature of Notary)

_____
(Commission Expires)

(4)

JR - 0097

**LIST YOUR BENEFICIARIES ON THIS SIDE. PLEASE PRINT.**

| OHIO OPERATING ENGINEERS HEALTH AND WELFARE PLAN | OHIO OPERATING ENGINEERS PENSION FUND |
|---|---|
| DESIGNATION OF BENEFICIARY FOR LIFE INSURANCE BENEFIT FROM THE HEALTH AND WELFARE PLAN: (ANY PERSON MAY BE NAMED) | DESIGNATION OF BENEFICIARY FOR DEATH BENEFIT FROM THE PENSION FUND: (ONLY LEGAL SPOUSE CHILD OR CHILDREN MAY BE NAMED) |
| NAME OF BENEFICIARY *Mary Jane Winders* | NAME OF BENEFICIARY *Mary Jane Winders* |
| ADDRESS OF BENEFICIARY *Box 432 R.R. 2 Loveland Ohio* | ADDRESS OF BENEFICIARY *Box 432 R 2 Loveland Ohio* |
| RELATIONSHIP OF BENEFICIARY *Wife* | RELATIONSHIP OF BENEFICIARY *Wife* |

I CERTIFY THAT ALL INFORMATION ON THIS FORM IS TRUE AND CORRECT.

*OHIO OPERATING ENGINEERS*
*SEP 30 1968*
*HEALTH & WELFARE PLAN*

YOUR SIGNATURE *Ronald D. Winders*    DATE *Aug. 6*

WITNESSED BY _____    DATE _____

JR - 0098

MATCHED PENSION HOURS
JANUARY 2, 2003

NAME: RONALD D WINDERS                    SOCIAL SECURITY NUMBER: ███████

|      | CONTRACTOR | DATE | HOURS | RATE | MONIES |
|------|------------|------|-------|------|--------|
| 4255 | KOKOSING CONST CO ATT C TIER | 6-2001 | 224.50 | 3.00 | 673.50 |
| 4255 | KOKOSING CONST CO ATT C TIER | 7-2001 | 40.00 | 3.00 | 120.00 |
| 2002 | SERVICE YEAR | .00 | 264.50 | | 793.50 |
|      | SERVICE TOTALS | 31.25 | 55,663.00 | | 86,588.60 |





# *Ohio Operating Engineers*

### *Fringe Benefit Programs*
1180 Dublin Road • PO Box 12009 • Columbus OH 43212-0009
Area 614 488-0708

**Raymond Orrand** ★
**Administrator** ★

July 6, 2001

RONALD D WINDERS
9525 LOVELAND MADIERA RD
LOVELAND OH 45140

Dear Mr. Winders:

This will acknowledge receipt of your application for Pension benefits. It normally takes approximately 60 days to obtain all the information needed to calculate the benefits.

Enclosed is a beneficiary card for your completion and return to this office to ensure proper beneficiary information and other personal data.

If you are interested in having your monthly pension check sent directly to your bank for deposit, please contact our office for more information.

Our records indicate that you will also be eligible for medical coverage under the Health & Welfare Plan. We will provide more details about this at a later date.

If additional information is required, we will be in contact with you. You may be assured that we will process your application as quickly as possible.

Pension Department

Enclosure

*P. S. Since our records indicate that you were married previously, we will need a copy of either a divorce decree or death certificate from that marriage. Thank you.*

**JR - 0112**

*Health and Welfare Plan • Pension Fund • Apprenticeship Fund • Education and Safety Fund*

## Gertz and Gertz
### A Legal Professional Association

**ANTHONY J. GERTZ**
**SUSAN M. GERTZ**
**SHERI L. HYLTON**

*401 Pike Street*
*Reading, Ohio 45215*
**TELEPHONE (513) 554-1868**
**FACSIMILE (513) 554-1897**

November 20, 2001

Ohio Operating Engineers
Fringe Benefits Program
ATTN: Mr. Ray Orrand
1180 Dublin Road, P.O. Box 12009
Columbus, Ohio 43212-0009

RE:    Deceased Member, Ronald D. Winders

Dear Mr. Orrand:

Please be advised that I have been retained by Mr. Ronald L. Winders with regard to the benefit plan of Deceased Member, Ronald D. Winders of the Ohio Operating Engineers Pension Fund.

After reviewing the Summary Plan Description it is my understanding that Mr. Ronald D. Winders died after he had completed and filed the proper election forms for retirement and was indeed retired. Therefore his beneficiary should have the option to receive the 60 month payment plan. Please forward to me copies of all forms signed by Mr. Ronald D. Winders with regard to his retirement and the elections that he made so that I can properly determine that my initial understanding is correct.

Please forward all information to the above address and feel free to contact me with any questions. Thank you.

Very truly yours,

Anthony J. Gertz
Attorney at Law

AJG:tg

JR - 0145

*FAxed To Tom Tarpy for his response*
*11-26-01  3:pm*

Ronald L. Winders
2581 Honeyhill Court
Cincinnati, Ohio  45236

September 18, 2001

Board of Trustees
Ohio Operating Engineers Fringe
 Benefit Programs.
1180 Dublin Road
P.O. BOX 12009
Columbus, Ohio  43212-0009

Dear Sirs,

RE:  Ronald Dale Winders

I am writing to you in regards to my fathers pension plan.  My father was a
member, in good standings, for 34 years.  I myself have been a member for 14
years.

My father officially retired from Kokosing Construction Company on June 29,
2001.  All paperwork was completed and filed at this time.  Unfortunately, my
father passed away on July 11, 2001.  I was informed that I was entitled to the
lump sum payment, as if he was still employed.  I believe that I am entitled to the
60 month guarantee payment plan, however, I was told "all" the paperwork was
not completed, I also know it was in the "process".  After talking with Larry
Reynolds, he informed me the paperwork was filed on July 10, as a member in
good standings.  In my opinion, a person retired from a company, who is not
allowed to work more than 40 hours a month, is RETIRED.  Retired is one thing,
the money is secondary.  I believe a review of this case is in order.

I look forward to hearing from you soon.

Sincerely,

Ronald Lee Winders

Ronald L. Winders

**JR - 0147**



# Ohio Operating Engineers
*Fringe Benefit Programs*
1180 Dublin Road • PO Box 12009 • Columbus OH 43212-0009
Area 614 488-0708

Raymond Orrand ★
Administrator ★

September 11, 2001

Mr. Ronald L. Winders
2581 Honeyhill Ct
Cincinnati OH 45236

Dear Mr. Winders:

This is in response to your letter dated September 8, 2001. Due to your concerns, I forwarded your father's file to our attorneys for confirmation of our determination.

I am enclosing a copy of the Summary Plan Description for your review. Please refer to Section 7.03 on page 30 and Section 7.05 on page 33.

If you disagree with our decision, your appeal rights are listed under Section 14.03 on page 43.

If I can be of further assistance, please contact me at anytime.

Sincerely,

Raymond Orrand
Administrator

RO/bc

**JR - 0149**

*Health and Welfare Plan • Pension Fund • Apprenticeship Fund • Education and Safety Fund*

*Gertz and Gertz*
*A Legal Professional Association*

ANTHONY J. GERTZ
SUSAN M. GERTZ
SHERI L. HYLTON

*401 Pike Street*
*Reading, Ohio 45215*
TELEPHONE (513) 554-1868
FACSIMILE (513) 554-1897

November 20, 2001

Ohio Operating Engineers
Fringe Benefits Program
ATTN: Mr. Ray Orrand
1180 Dublin Road, P.O. Box 12009
Columbus, Ohio 43212-0009

RE:    Deceased Member, Ronald D. Winders

Dear Mr. Orrand:

Please be advised that I have been retained by Mr. Ronald L. Winders with regard to the benefit plan of Deceased Member, Ronald D. Winders of the Ohio Operating Engineers Pension Fund.

After reviewing the Summary Plan Description it is my understanding that Mr. Ronald D. Winders died after he had completed and filed the proper election forms for retirement and was indeed retired. Therefore his beneficiary should have the option to receive the 60 month payment plan. Please forward to me copies of all forms signed by Mr. Ronald D. Winders with regard to his retirement and the elections that he made so that I can properly determine that my initial understanding is correct.

Please forward all information to the above address and feel free to contact me with any questions. Thank you.

Very truly yours,

Anthony J. Gertz
Attorney at Law

AJG:tg

Thomas M. Tarpy
Direct Dial (614) 464-6209
Facsimile (614) 719-4995
E-Mail - tmtarpy@vssp.com

December 12, 2001

**VIA US MAIL AND FACSIMILE**

Anthony J. Gertz, Esq.
Gertz and Gertz
401 Pike Street
Reading, Ohio 45215

       Re:    Ronald D. Winders

Dear Mr. Gertz:

       We are the attorneys for the Ohio Operating Engineers Pension Plan and are responding to your letter of November 20, 2001, to Mr. Orrand, the Plan Administrator.

       Enclosed is a copy of the initial application for benefits signed by Mr. Winders and received by the Plan on July 2, 2001. (The stamp says "Health & Welfare Plan," a related Plan to the Pension Plan; the same mail receipt stamp is used for both Plans.) Upon receipt of Mr. Winders' application, the Plan would have mailed him a form for completion and execution on which he would have indicated the form in which he would have taken his benefits. Unfortunately, before this could occur, Mr. Winders died on July 8, 2001. Prior to his death, Mr. Winders would have had a choice of electing a benefit paid in the Normal Form or a Contingent Annuitant Joint and Survivor Form. Because death intervened, Mr. Winders was not able to make the necessary election. Therefore, all the requirements for a benefit to commence as provided in Section 7.03 of the Plan were not met. Plan provisions provide that unless all requirements necessary for benefits to commence have been met prior to death, including the election of payment form, then payment of the death benefits to the participant's beneficiary will be in accordance with Section 7.05 of the Plan. Copies of Sections 7.03 and 7.05 of the Plan are enclosed. Because Mr. Winders did not complete an election of payment form as required by Section 7.03, his beneficiary is limited to the payment form provided in Section 7.05, i.e., lump sum payment of employer's contributions.

Anthony J. Gertz, Esq.
December 12, 2001
Page 2


      If you would like to discuss this further, I would be happy to hear from you in the next several days. Otherwise, we will consider this matter closed and I will advise the Plan Administrator to make the payment to Mr. Winders' beneficiaries under the provisions of Section 7.05.

                Very truly yours,



                Thomas M. Tarpy

TMT/jlm

Enclosures

cc:    Mr. Raymond Orrand

12/13/01 - 8978676

**OHIO OPERATING ENGINEERS PENSION FUND**
**BOARD OF TRUSTEES MEETING**
**October 17, 2001**
Page 6

2. Mr. Orrand presented an appeal from Ronald L. Winders concerning his father, Ronald D. Winders, District #5 member, who applied for pension benefits, and died one week after the plan received his pension application. Mr. Orrand explained that Mr. Winders had not yet chosen the retirement option he desired, and was still actively working after his pension application was received. His son claimed that he should be entitled to the guaranteed sixty (60) payments versus the lump sum payment of $86,000.

IT WAS REGULARLY MOVED, SECONDED AND APPROVED TO NOTIFY MR. WINDERS THAT THE TRUSTEES CONCUR WITH THE PLAN DOCUMENTS AND HAVE DENIED HIS APPEAL.