2000 WL 1456916                                                                                                             Page 2
**(Cite as: 2000 WL 1456916 (S.D.Ohio))**

Only the Westlaw citation is currently available.

United States District Court, S.D. Ohio, Eastern Division.

GEIGER BROTHERS MECHANICAL CONTRACTORS, Plaintiff,
v.
LOCKHEED MARTIN UTILITY SERVICES, INC., Defendant.

No. C-2-98-109.

Sept. 19, 2000.

*OPINION AND ORDER*

KINNEARY, J.

**\*1** This matter is before the Court on Plaintiff's motion for reconsideration of Magistrate Judge Kemp's decision denying Plaintiff leave to amend its Complaint (Doc. # 30.) For the reasons that follow, the Court DENIES Plaintiff's motion for reconsideration.

I. BACKGROUND

This case arises out of Plaintiff's request for payment for extra work that it performed while acting as a subcontractor to Defendant, Lockheed Martin, at Defendant's Piketon, Ohio Nuclear Plant. Most of the relevant facts of this case were set forth in this Court's March 16, 1999 Opinion and Order. (Doc. # 23.) Therefore, the Court will not repeat those facts here.

On June 4, 1999, Plaintiff filed a motion for leave to amend its Complaint, seeking to add a claim for damages arising out of the alleged blacklisting of Plaintiff by Defendant for additional work at the Piketon facility. (Doc. # 24.) On December 3, 1999, Magistrate Judge Kemp issued an Order denying Plaintiff's motion. (Doc. # 29.) In that Order, Magistrate Judge Kemp articulated two independent reasons for denying Plaintiff's motion. First, Magistrate Judge Kemp found that Plaintiff's motion to amend was untimely filed and that leave to amend at this late date would prejudice Defendant. (*Id.* at 2.) In the alternative, Magistrate Judge Kemp concluded that leave to amend would be futile because Plaintiff could not state a claim under Rule 12(b)(6) with respect to the proposed cause of action. (*Id.* at 6.)

Plaintiff seeks reconsideration of both of these findings.

II. STANDARD OF REVIEW

The standard of review of a magistrate judge's decision is set forth in Rule 72(a). Rule 72(a) states, in part, that following an objection to a magistrate judge's decision, the district judge shall "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). This standard provides " 'considerable deference to the determinations of magistrates. [ ... ]" ' *In re Search Warrants Issued August 29, 1994,* 889 F.Supp. 296, 298 (S.D.Ohio 1995) (quoting 7 James Wm. Moore, *Moore's Federal Practice* ¶ 72.03 (2d ed.1991)). The "clearly erroneous" standard applies only to factual findings made by the magistrate judge, while the legal conclusions are reviewed under the more lenient "contrary to law" standard. *See Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir.1994).

A finding is "clearly erroneous" when the reviewing court
> on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

**\*2** *Heights Community Congress v. Hilltop Realty Corp.,* 774 F.2d 135, 140 (6th Cir.1985). When examining legal conclusions under the "contrary to law" standard, this Court's review is plenary. The Court may overturn " 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." ' *Gandee,* 785 F.Supp. at 686 (quoting *Adolph Coors Co. v. Wallace,* 570 F.Supp. 202, 205 (N.D.Cal.1983)). The Court examines Plaintiff's objections to Magistrate Judge Kemp's Order using these standards.

III. ANALYSIS

In addressing Plaintiff's motion for reconsideration, the Court will first consider the timeliness issue. The Court will then consider Magistrate Judge Kemp's finding that leave to amend would be futile in this case.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2000 WL 1456916  Page 3
**(Cite as: 2000 WL 1456916 (S.D.Ohio))**

### A. Timeliness

Plaintiff first contends that its motion for leave to amend its Complaint was timely filed and that leave to amend at this date would not prejudice Defendant. (Doc. # 30 at 5.) In particular, Plaintiff asserts that it is "not quite certain how [Defendant] would need discovery" on its proposed cause of action "since it is [Defendant] that has done the wrong and has the information" rather than Plaintiff. (*Id.*)

After careful review of Magistrate Judge Kemp's decision, the Court finds that Plaintiff's motion is without merit. This Court agrees with Magistrate Judge Kemp's finding that:

> [T]he motion for leave to amend was filed on June 4, 1999. The discovery cutoff in this case was December 30, 1998. [Plaintiff] has been aware for a significant period of time that it has allegedly been precluded from bidding on additional work for [Defendant] as a result of the instant dispute. It has offered no satisfactory explanation for the delay in tendering the amended complaint, and although [Plaintiff] argues to the contrary, it is apparent to the Court that if the amendment were permitted, discovery would have to be reopened and the Court would have to grant additional time for the filing of dispositive motions. Given the age of this case, the Court concludes that such delays are prejudicial both to the interests of the Court in disposing of the case promptly and the interests of the defendant in bringing the original dispute over extra work to some resolution. Consequently, as an exercise of discretion under Rule 15(a), the Court concludes that the amendment should not be permitted.

(Doc. # 29 at 2.) Magistrate Judge Kemp's ruling is entitled to considerable deference and nothing stated in Plaintiff's motion convinces this Court that his decision is clearly erroneous or contrary to law. Plaintiff has not demonstrated why Defendant would not be prejudiced by an added cause of action at this late date. Accordingly, the Court DENIES Plaintiff's motion for reconsideration of that decision.

### B. Ability to State a Claim

Plaintiff also challenges Magistrate Judge Kemp's decision that leave to amend would be futile in this case because Plaintiff cannot state a claim for the cause of action that it seeks to assert. The Court also finds this argument to be without merit. Magistrate Judge Kemp carefully analyzed Plaintiff's proposed cause of action before concluding that Plaintiff cannot state a claim upon which relief may be granted. That ruling is entitled to considerable deference and this Court cannot conclude that it is contrary to law. Accordingly, the Court DENIES Plaintiff's motion on this basis.

### IV. CONCLUSION

*3 Therefore, upon consideration and being duly advised, the Court DENIES Plaintiff's motion for reconsideration of Magistrate Judge Kemp's Order denying Plaintiff leave to amend its Complaint.

IT IS SO ORDERED.

2000 WL 1456916, 2000 WL 1456916 (S.D.Ohio)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works