166 F.3d 1213 (Table)
**Unpublished Disposition**

Page 2

**(Cite as: 166 F.3d 1213, 1998 WL 787084 (6th Cir.(Ky.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

Donna BROWN, Plaintiff-Appellant,
v.
NATIONAL CITY CORPORATION, Defendant-Appellee.

No. 97-6130.

Oct. 29, 1998.

On Appeal from the United States District Court for the Western District of Kentucky.

Before GUY, RYAN, and CLAY, Circuit Judges.

RYAN, Circuit Judge.

**\*\*1** We are asked to decide, once again, whether a district court applied the correct standard of review in granting summary judgment against an ERISA plan claimant. We hold that it did.

Defendant National City Corporation, which self-administers an employee benefits plan in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § § 1001-1461, denied long- term disability benefits to the plaintiff, Donna Brown, an employee of the company and a beneficiary of the plan. Brown brought suit under 29 U.S.C. § 1132(a)(1)(B), which allows suit by a plan beneficiary to enforce her rights under the plan. The district court held that because the plan gives National, as the plan administrator, discretion to interpret the plan, National's decision to deny benefits is subject to the arbitrary and capricious standard of review. The court concluded that under this deferential standard, National's decision to deny benefits was not arbitrary or capricious, and the court therefore granted summary judgment.

Brown argues that the plan does not vest discretion in National, and that even if it does, she presented enough evidence to preclude a grant of summary judgment for the defendant. We disagree, and accordingly, affirm the district court's decision.

I.

Brown was employed as a payroll accounting specialist for National. She was covered by the long-term disability plan which is self-insured by National, but is administered by CIGNA Group Insurance. Brown began having back problems after a slip and fall accident in 1985. She underwent four back surgeries between 1986 and 1992. After the last surgery, Brown was found to be disabled from performing her job at National. After the 26-week waiting period mandated by the plan, Brown began receiving long-term disability benefits. The plan requires that long-term disability benefits be paid during the first two years of disability if the claimant is unable to perform the duties of her job with the company. After that time, in order to continue receiving benefits, the claimant must establish that she is unable to perform the duties of any other occupation to which she is or could become qualified by education, training, or experience.

In due course, CIGNA notified Brown that the end of the two-year period was approaching and requested that she update her medical information so that CIGNA could assess whether Brown was capable of performing any work. Accordingly, CIGNA submitted a physical capabilities questionnaire to Dr. Peter Kirsch, Brown's primary physician. Dr. Kirsch concluded that Brown was still disabled and was not able to perform work. However, a subsequent independent medical examination (IME) resulted in a conclusion that Brown may perform sedentary work that allows her to move about and does not require her to lift more than small objects. Dr. Kirsch subsequently agreed with the results of the IME, although he later modified his position, to indicate that Brown's subjective complaints led him to believe that she is unable to perform any work.

**\*\*2** Pursuant to this evidence, Brown's benefits were

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

166 F.3d 1213 (Table)  
**Unpublished Disposition**

Page 3

**(Cite as: 166 F.3d 1213, 1998 WL 787084 (6th Cir.(Ky.)))**

terminated. She appealed that decision to National unsuccessfully. National claimed that the reason for the denial was a lack of objective medical evidence that Brown was disabled. Even though Dr. Kirsch claimed that Brown was not able to work, he failed to provide any objective medical evidence to support his opinion, and admitted that his opinion was largely based on Brown's subjective complaints of pain.

National filed a motion for summary judgment and the district court granted it, holding, as we have said, that the plan administrator had discretion to grant or deny benefits, that the decision to deny benefits was not arbitrary or capricious, and that the administrator was justified in finding that Brown failed to present enough objective medical evidence to support her claim of disability.

II.  
A.

We review a district court's grant of summary judgment de novo. See *Whisman v. Robbins,* 55 F.3d 1140, 1143 (6th Cir.1995). Brown's first claim of error is that the district court applied the wrong standard of review to the plan administrator's decision. Brown claims that the court should have used a *de novo* standard of review because arbitrary and capricious review is appropriate only when a plan gives the administrator discretion to interpret the plan's terms. She claims that the National plan does not expressly give National discretion because it nowhere uses the word "discretion."

In *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." In other words, the arbitrary and capricious standard is appropriate if a plan gives the plan administrator discretion to interpret the plan. See *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir.1996).

We believe that the National plan gives discretion to the plan administrator to construe the terms of the plan. Section 6.4 of the plan states that the plan administrator has the duty to "interpret the terms and conditions of the Plan." In addition, section 6.10 of the plan states that unless the plan administrator "*allows* such claim in full," the administrator shall give notice to the claimant of the denial of the claim. The word "allows" suggests that the plan administrator has discretion whether to grant or deny benefits. It is not necessary that the terms of a plan include the word "discretion" in order for the plan to vest discretion in the plan administrator. See *Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 555 (6th Cir.1998). Accordingly, we conclude that since the plan gives National, as plan administrator, discretion to interpret the plan and to grant or deny benefits, the district court properly applied the arbitrary and capricious standard of review.

B.

**\*\*3** Brown also argues that even if a more deferential standard of review is warranted, the standard should not be arbitrary and capricious because *Firestone* never expressly used the words "arbitrary and capricious"; it simply called for a deferential review, more deferential than *de novo* review. However, Brown concedes that this court has, in light of *Firestone,* held that the appropriate standard of review is arbitrary and capricious. See, e.g., *Yeager,* 88 F.3d at 380; *Davis v. Kentucky Fin. Cos. Retirement Plan,* 887 F.2d 689, 694 (6th Cir.1989). Brown argues that we should overrule those cases. However, it is clear that one panel of this court may not overrule another panel's published decision on the same issue. See *United States v. Edge,* 989 F.2d 871, 876 (6th Cir.1993). We are satisfied that the district court was correct in applying the arbitrary and capricious standard of review.

C.

Brown also argues that, even if the district court should have applied a more deferential standard of review, it erred when deciding that National's decision was not arbitrary and capricious because National's dual role as employer and plan administrator resulted in a conflict of interest, and in all events, National failed to properly assess the significance of Brown's four back surgeries and to properly credit Dr. Kirsch's medical opinion.

There is no question that National's dual role as both employer and plan administrator presents a potential conflict of interest. And we have held that such a potential conflict should be taken into account by the district court when deciding whether a decision denying benefits is arbitrary and capricious. See

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

166 F.3d 1213 (Table)  
**Unpublished Disposition**

Page 4

**(Cite as: 166 F.3d 1213, 1998 WL 787084 (6th Cir.(Ky.)))**

*Davis,* 887 F.2d at 694. We have also stated that the arbitrary and capricious standard is the least demanding form of judicial review, and the standard is met when it is possible to "offer a reasoned explanation, based on the evidence, for a particular outcome." *Id .* at 693 (internal quotation marks and citation omitted).

We hold that National's decision survives this deferential review. While the fact of the four surgeries is indisputably objective medical evidence, it is not dispositive, because there is no indication that the surgeries caused Brown to be unable to perform any work. Dr. Kirsch's opinion is not objective medical evidence, because he admitted that his change in opinion regarding Brown's ability to work was the result of her subjective complaints of pain. Finally, there is no evidence that National's dual role as plan administrator and employer caused it to render an unfair decision. There is no evidence, for example, that benefits are routinely denied under the plan, nor any other evidence that National's handling of Brown's claim, or any other claim, revealed partiality or bias.

D.

Brown's final argument is that the district court erred in holding that Brown was not entitled to a jury trial. In *Daniel v. Eaton Corp.,* 839 F.2d 263 (6th Cir.1988), we held that there is no right to a jury trial under section 1132(a)(1)(B) of ERISA. *See id.* at 268. Brown argues that we should overrule that decision. We, of course, have no authority to do so, nor would we, even if we had such authority. More importantly, Brown's argument is moot because, even if we reversed the district court's decision, and held that Brown was entitled to a jury trial if the case proceeded to trial, Brown would still be out of court on summary judgment. To the extent that Brown is arguing that summary judgment is improper if a plaintiff is entitled to a jury trial, this argument plainly misses the mark.

III.

**\*4** For all the reasons above, we AFFIRM the district court's judgment.

166 F.3d 1213 (Table), 1998 WL 787084 (6th Cir.(Ky.)), Unpublished Disposition

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works