UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD L. WINDERS, | : | |
| | : | |
| Plaintiff, | : | Case No. C-1-02-459 |
| | : | |
| v. | : | JUDGE WEBER |
| | : | |
| OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO STRIKE
## THE AFFIDAVIT OF RONALD L. WINDERS

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure and the Sixth Circuit's decision in Marks v. Newcourt v. Credit Group, Inc., 342 F.3d 444, 457 (6th Cir. 2003), Defendant, Ohio Operating Engineers Pension Fund, erroneously named as the Ohio Operating Engineers Fringe Benefit Programs in the Complaint (the "Plan"), hereby moves this Court to strike the affidavit of Plaintiff Ronald L. Winders ("Plaintiff"). A brief Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

    s/Thomas M. Tarpy
Thomas M. Tarpy    (0021723)
Scott A. Carroll    (0062115)
David A. Campbell    (0066494)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6400

Attorneys for Defendant
Ohio Operating Engineers Pension Fund

<u>**MEMORANDUM IN SUPPORT**</u>

I.    <u>**INTRODUCTION**</u>

The sole claim asserted by Plaintiff is a claim for benefits under a multi-employer trust fund governed by the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Because this case is governed by ERISA, this Court's review of the Plan's decision "is limited to the administrative record available to the [Plan] when the final decision was made." <u>Marks v. Newcourt v. Credit Group, Inc.</u>, 342 F.3d 444, 457 (6th Cir. 2003).

Pursuant to this Sixth Circuit authority, the parties agreed to have Plaintiff's ERISA claim decided based on an agreed administrative record and cross-motions for judgment. On January 28, 2003, the parties filed an Agreed Administrative Record that was reviewed, agreed upon by counsel for both parties, and jointly filed by the parties with this Court. Thereafter, the parties submitted cross-motions for judgment based on the Agreed Administrative Record and Magistrate Judge Hogan issued his Report and Recommendation (the "Recommendation") on September 30, 2003 granting the Plan's motion for judgment.

In support of Plaintiff's objections to the Recommendation, Plaintiff has submitted a nine paragraph affidavit. This affidavit purports to explain documents contained in the Agreed Administrative Record. Neither the affidavit nor the testimony set forth in the affidavit were presented to the Plan at the time of its decision. In addition, the affidavit addresses a fact that is not material to the Plan's determination at issue in this litigation. Accordingly, because the affidavit is irrelevant to this Court's review of the Recommendation and it was not considered by the Plan administrators when the decision at issue was made, the affidavit should be stricken from the record.

## II.     ARGUMENT

### A.    The Sixth Circuit Limits The Review Of A Plan Administrator's Decision To Deny ERISA Benefits To The Administrative Record Available To The Plan Administrator When The Decision Was Made.

The Sixth Circuit has repeatedly discussed the limitations on the courts as to reviewing matters beyond the administrative record in ERISA actions.  See <u>Perry v. Simplicity Engineering</u>, 900 F.2d 963 (6th Cir. 1990); <u>Wilkins v. Baptist Healthcare System, Inc.</u>, 150 F.3d 609 (6th Cir. 1998); <u>Marks v. Newcourt v. Credit Group, Inc.</u>, 342 F.3d 444, 457 (6th Cir. 2003).  The <u>Perry</u> court cautioned as follows:

> Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits.  Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

<u>Perry</u>, 900 F.2d at 966.[1]

Recently, on September 4, 2003, the Sixth Circuit again followed this general rule of law.  <u>Newcourt v. Credit Group, Inc.</u>, 342 F.3d 444, 457 (6th Cir. 2003).  Specifically, the <u>Newcourt</u> court held that the review of a Plan's decision by either the district court or on appeal to the Sixth Circuit "is limited to the administrative record available to the [Plan] when the final decision was made."  <u>Marks v. Newcourt v. Credit Group, Inc.</u>, 342 F.3d 444, 457 (6th Cir. 2003).

---

[1] The only narrow exception to this general rule is if the evidence is relevant to a "procedural challenge" to the plan's decision.  <u>Wilkins</u>, 150 F.3d at 619.  Plaintiff is not presenting his affidavit to support a procedural challenge and, therefore, this exception is not applicable to this matter.  See Reply at p.2.

**B.    The Affidavit At Issue Is Not Relevant To A Procedural Challenge To The Plan's Decision And It is Irrelevant To This Court's Review Of The Recommendation.**

The affidavit presented by Plaintiff purports to explain the "Matched Pension Hours" document contained in the Agreed Administrative Record. <u>See</u> Reply Memorandum at p.2. Plaintiff alleges that this affidavit sets forth the "business practice of Kokosing Construction," an entity not a party to this lawsuit. <u>See</u> Reply Memorandum at p.2. The affidavit should be stricken from the record and not considered by this Court in reviewing the Recommendation for two reasons.

First, this affidavit was not part of the administrative record reviewed by the Plan when making its decision. The affidavit was not executed until October 30, 2003 – more than two years after the Plan trustees made the decision at issue. Moreover, the testimony set forth in the affidavit was not presented to the Trustees at the time the final decision to deny Plaintiff's claim for benefits was made. Finally, if Plaintiff believed that an explanation of the document was relevant to this Court's review of his claim for benefits, he should have raised this issue prior to approving and filing an Agreed Administrative Record with this Court. Accordingly, because the affidavit is not part of the parties' Agreed Administrative Record and it was not "available to the [Plan] when the final decision was made," this Court cannot consider it when reviewing the Plan's decision to deny Plaintiff's claim for death benefits. <u>Marks</u>, 342 F.3d at 457.

Second, the affidavit is irrelevant to this Court's review of the Plan's decision. The determining issue as to whether Plaintiff is entitled to an increased death benefit is whether his father "satisfied **all requirements** for a [pension] benefit to commence under the Plan . . . ." Agreed Administrative Record at JR-0001 through JR-0005 (emphasis added) (hereinafter "AR at ___"). The Plan has adopted a thorough application procedure for pension benefits.

Participants are specifically advised that the completion of this procedure normally takes 60 days to complete. The only step in this procedure that Plaintiff's father completed was the initial step, the filing of an application for pension benefits.

Just five days after the Plan acknowledged receipt of the application for pension benefits, Plaintiff's father died. At the time of his death, the following requirements for a pension benefit to commence had not been satisfied: (1) Plaintiff's father had not elected a payment form for his pension;[2] (2) Plaintiff's father had not designated a beneficiary to receive the pension benefits following his death; (3) Plaintiff's father had not provided all required documents and information to the Plan; and (4) Plaintiff's father had not received the notice required by federal law that he had a ninety day period to alter his payment form election once an election had been made.

The work status of Plaintiff's father at the time of his death is not one of the elements relevant to a determination of whether he "satisfied all requirements for a [pension] benefit to commence under the Plan . . . ." AR at JR-0001 through JR-0005. Plaintiff's father had not completed all of the requirements for a pension benefit to commence under the Plan regardless of whether his last day of work was June 28, 2001, the date alleged by Plaintiff in his affidavit, or July 11, 2001, the date of his death. Accordingly, the purported explanation of the Agreed Administrative Record set forth in Plaintiff's affidavit is not relevant to this Court's review of the Plan's decision to deny Plaintiff's claim for increased death benefits.

---

[2] Plaintiff's reply memorandum again misconstrues the terms of the Plan as to the form of pension benefits. Plaintiff argues that his father "elected to receive a 'monthly' benefit." See Reply at p.3. However, both of the payment forms available to Plaintiff's father were paid on a monthly basis and, therefore, it is evident that Plaintiff's father did not elect a payment form pursuant to the terms of the Plan. AR at 0087.

### III. CONCLUSION

Based on the above-cited arguments and authorities, the affidavit of Ronald L. Winders should be stricken from the record and not considered by this Court in reviewing Magistrate Judge Hogan's Report and Recommendation.

Respectfully submitted,

      s/Thomas M. Tarpy
Thomas M. Tarpy          (0021723)
Scott A. Carroll           (0062115)
David A. Campbell        (0066494)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-6400

Attorneys for Defendant
Ohio Operating Engineers Pension Fund

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served on counsel for Plaintiff, Anthony J. Gertz, Gertz & Gertz, L.P.A., 401 Pike Street, Reading, Ohio 45215 and Randy J. Blankenship, Robbins, Kelly, Patterson & Tucker, 7 West Seventh Street, Suite 1400, Cincinnati, Ohio 45202-2417, by regular U.S. mail, postage prepaid, this 19th day of November, 2003.

      s/David A. Campbell
David A. Campbell