UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD L. WINDERS | : | Case No. C-1-02-459 |
| | : | |
| Plaintiff, | : | Judge Weber |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | **PLAINTIFF'S MEMORANDUM IN** |
| OHIO OPERATING ENGINEERS | : | **OPPOSITION TO DEFENDANT'S** |
| FRINGE BENEFIT PROGRAMS | : | **MOTION TO STRIKE THE** |
| | : | **AFFIDAVIT OF RONALD L. WINDERS** |
| Defendant. | : | |

Defendant, Ohio Operating Engineers Pension Fund, has moved the Court to strike the Affidavit of Plaintiff, Ronald L. Winders. This Affidavit was submitted in support of Plaintiff's Objections to the Magistrate's Report and Recommendation. Defendant contends that the Affidavit is improper. See, Motion to Strike at p. 1, citing, Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 457 (6th Cir. 2003). However, as more fully explained below, the Affidavit does not make any additional evidence available, as it was merely submitted to clarify the context of a document already in evidence.

The Magistrate Judge's Report and Recommendation found that Mr. Winders continued to work full-time after he submitted his application for retirement benefits. (See, Report and Recommendation at p. 7). This erroneous conclusion was based upon Defendant's assertion that Document No. JR-0100 evidences that Mr. Winders worked in July, 2001, after he submitted his application for retirement benefits. The document is captioned "Matched Pension Hours" and is dated January 2, 2003, which is *after* the Board of Trustees meeting which affirmed the plan administrator's decision. The Board of Trustees met on October 17, 2001 (JR-0166). Thus, while Defendant contends that the Court should not rely upon information not available at the time of the Plan decision, its own document postdates the decision and could not, therefore, have been relied upon by Defendant in making its decision.

Nonetheless, Mr. Winders' Affidavit does not seek to introduce new evidence. Rather, the Affidavit simply demonstrates that the "Matched Pension Hours" document does not mean that Mr. Winders worked in July, 2001. The document (JR-0100) reflects that Mr. Winders received his last paycheck in July, 2001. Mr. Winders' Affidavit merely points out that the 40 hours appearing for July, 2001 references work performed in the last week of June, 2001, as Mr. Winders was paid for work performed the previous work in accordance with the business practice of his employer. Hence, the inference urged by Defendant and adopted by the Magistrate is in error.

A district court has discretion to supplement the administrative record when the court needs certain background information. Van Noord v. Advantage Health, unreported, S.D. Mich. No. 1:00-CV-775, 2001 U.S. Dist. LEXIS 11844 at *5, Aug. 8, 2001), citing, Sierra Club v. Slater, 120 F.3d 623, 638-39 (6th Cir. 1997). The information provided by Mr. Winders' Affidavit supplies only background information, that is, whether the "Matched Pension Hours" document in the administrative record actually supports Defendant's contention. As such, supplementation of the record is proper.

Further, to the extent that Mr. Winders' Affidavit constitutes "evidence outside of the administrative record," the Court may still consider it. Defendant contends that Mr. Winders is not presenting his Affidavit to support a procedural challenge and it is, therefore, barred by Wilkens v. Baptist Health Care System, Inc., 150 F.3d 609 (6th Cir. 1998). (Motion to Strike, p. 3 at fn. 1). The holding of Wilkens is not as broad as Defendant suggests.

In Wilkens v. Baptist Health Care System, Inc., *supra*, the Court held that summary judgment procedures are "inapposite to the adjudication of ERISA actions" because precedent precludes an ERISA action from being heard by the court as a regular bench trial. Id., at 619.

2

Therefore, it makes little sense to deal with an ERISA action by engaging in a procedure designed solely to determine whether there is a genuine issue of fact for trial. Id. The Court stated that a district court may consider evidence outside of the administrative record where it is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or an alleged bias on its part. Id. Mr. Winders has alleged bias by the plan administrator, as well as a conflict between the plan instrument and the summary plan description.

Mr. Winders' Affidavit does not seek to introduce additional evidence. Rather, it is offered as background information to place the "Matched Pension Hours" document in the proper context by demonstrating that the document does not support the inference that Mr. Winders' father actually performed work in July, 2001 but, instead, merely demonstrates that he was paid in July, 2001 for work performed in June, 2001. Moreover, to the extent that Mr. Winders' Affidavit does constitute additional evidence, it is within the Court's discretion to allow the Affidavit. For the foregoing reasons, Defendant's Motion to Strike should be denied.

Respectfully submitted,

s/ Randy J. Blankenship
Randy J. Blankenship (#0034594)
Daniel J. Temming (#0030364)
Attorneys for Plaintiff
Robbins, Kelly, Patterson & Tucker
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202-2417
TEL:      (513) 721-3330
FAX:      (513) 721-5001
E-MAIL:   rblankenship@rkpt.com
          dtemming@rkpt.com

        s/ Anthony J. Gertz
        Anthony J. Gertz (#0008226)
        Attorney for Plaintiff
        Gertz & Gertz, L.P.A.
        401 Pike Street
        Reading, Ohio 45215
        TEL:    (513) 554-1868
        FAX:    (513) 554-1897
        E-MAIL:    agertz@gertzlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been furnished to Thomas M. Tarpy. Scott A. Carroll, and David A. Campbell, Vorys, Sater, Seymour and Pease LLP, P.O. Box 1008, 52 East Gay Street, Columbus, Ohio 43215-1006, by electronic mailing, via the Clerk's Office, this 26th day of November, 2003.

        s/ Randy J. Blankenship
        Randy J. Blankenship

P:\RKPT\Data\wp\Mike\L2728 0001 (Memo in Opp to Motion to Strike Winders Affidavit).doc