LEXSEE 2001 US DIST LEXIS 11844

**BARBARA VAN NOORD, Plaintiff, v. ADVANTAGE HEALTH, a Michigan non-profit corporation, Defendant/Third-Party Plaintiff. v. PHOENIX AMERICAN LIFE INSURANCE COMPANY a/k/a PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY, a foreign corporation, Third-Party Defendant.**

File No. 1:00-CV-775

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

*2001 U.S. Dist. LEXIS 11844*

**August 8, 2001, Decided**
**August 8, 2001, Filed**

**DISPOSITION:** [*1] Plaintiff Barbara Van Noord's Motion to Supplement the Administrative Record (Docket # 38) GRANTED; Plaintiff's Motion for Summary Judgment against Defendant Advantage Health (Docket # 23) GRANTED and Defendant Advantage Health's Motion for Summary Judgment (Docket # 26) DENIED in its entirety; and Third-Party Defendant Phoenix Life's Motion for Summary Judgment (Docket # 24) GRANTED and the Third-Party Complaint against it (Docket # 7) dismissed with prejudice.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For BARBARA VAN NOORD, plaintiff: Michael T. Small, Roberts, Betz & Bloss PC, Grand Rapids, MI.

For ADVANTAGE HEALTH, defendant: Mark S. Allard, Bryan R. Walters, Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, MI.

For ADVANTAGE HEALTH, third-party plaintiff: Mark S. Allard, Bryan R. Walters, Varnum, Riddering, Schmidt & Howlett, LLP, Grand Rapids, MI.

For PHOENIX AMERICAN LIFE INSURANCE COMPANY, third-party defendant: James E. Brenner, Clark Hill, PC, Detroit, MI.

**JUDGES:** ROBERT HOLMES BELL, CHIEF UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** ROBERT HOLMES BELL

**OPINION:**

Plaintiff Barbara Van Noord brought this ERISA n1 action against Defendant Advantage Health to recover life insurance benefits under a breach of fiduciary [*2] duty claim. Advantage Health brought a third-party claim against Phoenix American Life Insurance Company a/k/a Phoenix Home Life Mutual Insurance Company ("Phoenix") on a breach of contract claim. Also before the Court is Plaintiff's motion to amend the administrative record. After a hearing and review of the administrative record, the Court finds that Defendant Advantage Health violated its fiduciary duty to Plaintiff when it failed to provide adequate notice to Plaintiff that Plaintiff's life insurance coverage was being reduced. The Court also finds that Third-Party Defendant Phoenix American did not breach a contract with Advantage Health.

    n1 Employee Retirement Income Security Act (ERISA), *29 U.S.C. § § 1001 et seq.*

**Facts**

In 1993 Glenn Van Noord, the Plaintiff's deceased husband, was a shareholder and practicing physician in Specialists in Family Medicine, P.C., a Michigan professional service corporation ("FamilyCare"). In November of 1993 Advantage Health n2 completed [*3]

negotiations to purchase FamilyCare. As part of the purchase agreement Dr. Van Noord and Advantage Health agreed, inter alia, that Dr. Van Noord would continue to work at FamilyCare as an employee of Advantage Health. Advantage Health also agreed to provide life insurance coverage from Phoenix in the amount of three times Dr. Van Noord's salary to a maximum of $ 350,000. The life insurance agreement is the impetus for the present suit.

n2 At that time Advantage Health was known as Sisters of Mercy Health Corporation.

In a letter to Phoenix dated February 5, 1998, Audrey Pimpleton, the Human Resources coordinator for Advantage Health, asked that the life insurance coverage for "Class I-Physicians" be reduced to one time the employee's annual salary. Consequently, Dr. Van Noord's life insurance coverage was reduced from $ 350,000 to $ 129,000, to be effective immediately. Advantage Health never notified Dr. Van Noord that this change had taken place.

On March 5, 1998, Advantage Health paid the full amount stated [*4] in the invoice. n3 Dr. Van Noord died on March 15, 1998. On March 18, 1998, Phoenix notified Ms. Pimpleton that it had processed the change in life insurance coverage she had requested and that the change had been made effective to February 5, 1998. On March 19, 1998, Ms. Pimpleton contacted Phoenix to assert that because Advantage Health had already paid the premium for March 1998, the change in coverage amount should be effective until April 1, 1998. n4

n3 Admin. R. Exh. 5.

n4 Admin. R. Exhs. 7-8.

On March 24, 1998, Ms. Pimpleton notified Phoenix that Dr. Van Noord had died and that she was submitting a life insurance claim on behalf of the Plaintiff. n5 The claim was for $ 350,000 and was signed by Ms. Pimpleton on March 17, 1998. n6 On April 7, 1998, Phoenix notified the Plaintiff that it was honoring the February 5, 1998 request of Advantage Health to reduce coverage to one time Dr. Van Noord's annual salary. n7 Phoenix then deposited $ 129,000 in an account for the Plaintiff.

n5 Admin. R. Exh. 9. [*5]

n6 Id.

n7 Admin. R. Exh. 11.

Plaintiff subsequently brought an action against Phoenix under ERISA alleging that Phoenix had abused its discretion in refusing to recognize that Dr. Van Noord's life insurance coverage was $ 350,000 at the time of his death. This Court ruled in that case that Phoenix had not abused its discretion because of the broad grant of discretion under the ERISA statute. *See Van Noord v. Phoenix American Life, 1999 U.S. Dist. LEXIS 7642,* No. 1:98- CV-813, (May 14, 1999) ("*Van Noord I*"). Plaintiff then filed the present action.

**Analysis**

As a threshold matter the Court grants Plaintiff's motion to amend the administrative record. A district court has discretion to supplement the administrative record when the court needs certain background information. *Sierra Club v. Slater, 120 F.3d 623, 638-39 (6th Cir. 1997).* Here, to deny the supplement would be akin to, as some courts have held, a denial of discovery. *See James Madison Ltd. by Hecht v. Ludwig, 317 U.S. App. D.C. 281, 82 F.3d 1085, 1095 (D.C. Cir. 1996)* [*6] (citations omitted), *cert. denied*, *519 U.S. 1077, 136 L. Ed. 2d 676, 117 S. Ct. 737 (1997)* (cited approvingly by the Sixth Circuit in *Sierra Club, 120 F.3d at 638).*

As part of the normal procedures in this case Third-Party Plaintiff Phoenix re-filed the Administrative Record from *Van Noord I*. That record, however, was incomplete in regard to the current parties in the present suit. At the scheduling conference in the present suit counsel for Phoenix indicated that there were documents relating to the suit between Advantage Health and Plaintiff that were not part of the Administrative Record in the suit between Phoenix and Plaintiff. *See Transcript of February 22, 2001 Status Conference*, at 6-7. These documents were listed as Item 1 in the Joint Status Report (Docket # 6) n8 as copies of employment contracts between Advantage Health and Dr. Van Noord and memoranda regarding life insurance coverage for Dr. Van Noord. These documents do not appear in the Joint Administrative Record submitted to the Court (Docket # 17). Plaintiff has supplied these documents as Exhibits 1-3 of Plaintiff's motion to supplement the administrative record. The Court [*7] grants the motion and these documents will be added to the Joint Administrative Record.

n8 *See Joint Status Report* (Docket # 6), at 5.

I. Plaintiff's Breach of Fiduciary Duty Claim Against Advantage Health

The first issue the Court addresses is whether Plaintiff Van Noord's claim against Advantage Health is barred by this Court's decision in *Van Noord I*. Advantage Health asserts that Plaintiff is collaterally estopped from bringing this action against Advantage Health because it is essentially the same case as *Van Noord I*. The Court disagrees.

Under the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana v. United States, 440 U.S. 147, 153, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979)*. Under Michigan law there are three necessary conditions for a finding of collateral estoppel: **[*8]** the present action must involve the same parties in interest as the prior action; the present action must concern the same matter as the first action; and the prior action resulted in a decision on the merits. *Kaufman v. BDO Seidman, 787 F. Supp. 125 (W.D. Mich. 1992), aff'd 984 F.2d 182 (6th Cir. 1992).*

Here, Advantage Health was not a party to *Van Noord I*, nor was it a real party in interest. Advantage Health argues that it was in a principle and agent relationship with Phoenix, and therefore it was the real party in interest. But because Advantage Health did not have the right to control the actions of Phoenix, there is no principle and agent relationship. *See Avery v. American Honda Motor Car Co., 120 Mich. App. 222, 225, 327 N.W.2d 447 (1982)* (holding that one party must have day-to-day control over the operations of another party to establish an agency relationship).

Nor is the same matter being litigated in this case as in *Van Noord I*. The issue in *Van Noord I* was whether Phoenix, as a Plan administrator, had overstepped its discretionary bounds set under ERISA. Here, the issue is whether Advantage Health failed **[*9]** in its fiduciary duty to Dr. Van Noord and Plaintiff. It is true that the same $ 350,000 insurance policy lies at the root of both cases. But when there are different Defendants and different legal theories involved, the matter is a different case in controversy.

Having established that Plaintiff is not collaterally estopped from pursuing her case against Advantage Health, we turn to the level of life insurance coverage under the employment contract. Plaintiff contends the amount is $ 350,000; Advantage Health asserts that the amount is $ 129,000. Advantage Health argues that when it bought Dr. Van Noord's family practice, it agreed to provide insurance coverage in the amount of $ 350,000 until the practice was paid off. According to the affidavit of Dr. Douglas Edema, the parties understood that Dr. Van Noord's life insurance coverage would be reduced to one time his annual salary after Advantage Health had fully paid for the family practice.

Although that may have been the understanding of the parties at the time of the purchase, evidence of subsequent agreements are in conflict with Dr. Edema's affidavit. There are two Three-Year Employment Agreements, both of which are dated **[*10]** January 21st, 1994, in the record. One of these agreements provides for life insurance coverage of one time annual salary. The other provides one-and-one-half times yearly salary. There is also a memorandum dated March 15, 1995, from Debbie Meyers, an administrator for Advantage Health, informing Dr. Van Noord that by his request his life insurance coverage was three times his annual salary to a maximum of $ 350,000 through Phoenix. n9 The March 15, 1995, letter contains no mention of any agreement concerning a future reduction of that benefit.

n9 Exh. 3, Plaintiff's Motion to Supplement the Administrative Record.

At best, there is an ambiguity here as to the level of coverage agreed to between Dr. Van Noord and Advantage Health. Where a summary of an ERISA plan is different than the actual plan, the Sixth Circuit has ruled that the summary may be relied upon by the employee. *Edwards v. State Farm Mutual Insurance Company, 851 F.2d 134, 137 (6th Cir. 1988).* Where there is an ambiguity in benefit **[*11]** coverage in ERISA plans, the Court must construe that ambiguity in favor of the employee. *Sprague v. General Motors Corp., 843 F. Supp. 266, 306-307 (E.D. Mich. 1994).* Here, it is impossible to discern with precision the level of life insurance coverage. The last written instrument, however, indicates that Dr. Van Noord was to receive $ 350,000 in life insurance coverage. Absent a clear indication that the coverage was to be less, the Court's conclusion must be that Advantage Health was under contract to provide $ 350,000 in coverage.

The actions of Advantage Health also support this conclusion. The family practice was paid off in January of 1997, yet Advantage Health continued to carry life insurance for Dr. Van Noord at the $ 350,000 level. These actions comport with the memorandum of March 15, 1995. Furthermore, even if it were the understanding of the parties at the time of the initial sale of the family practice that Dr. Van Noord's life insurance coverage would be reduced once the practice was paid off, continuing to carry that coverage for over a year past that deadline could reasonably be construed as a modification of the original agreement. Finally, Advantage **[*12]**

Health itself asserts several times to Phoenix that the coverage was to be $ 350,000. The Court concludes that the Deceased and Plaintiff did not know and had no reason to know that the coverage provided by Advantage Health to Dr. Van Noord at the time of his death was anything but $ 350,000.

The Court now turns to the issue of the fiduciary relationship between Dr. Van Noord and Advantage Health. ERISA imposes fiduciary duties on the administrator of a benefits plan. *See 29 U.S.C. § 1104*(a)(1); *Shaw v. Delta Airlines, Inc., 463 U.S. 85, 91, 77 L. Ed. 2d 490, 103 S. Ct. 2890 (1983).* The fiduciary's duties include acting with the skill, prudence, and diligence that a prudent man would exercise, *Berlin v. Michigan Bell Telephone Co., 858 F.2d 1154 (1988)* (quoting from *29 U.S.C. § 1104*(a)(1)); to act "solely in the interest of the participants and beneficiaries," *Varity Corp. v. Howe, 516 U.S. 489, 506, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996);* and to disclose information essential to the participant, *Bixler v. Central Penn. Teamsters, 12 F.3d 1292, 1300 (3rd. Cir. 1993)* **[*13]** (stating that the duty to disclose information is "the core of a fiduciary's responsibility.").

Advantage Health relies upon *Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609 (6th Cir. 1988),* for the proposition that a participant in an ERISA plan cannot file a claim for wrongful denial of benefits and, upon losing that action, bring a second action for breach of fiduciary duty. Although Advantage Health accurately apprehends the essence of *Wilkins*, the facts in the present case are so divergent from *Wilkins* as to render it inapplicable here.

In *Wilkins* the plaintiff alleged that the plan administrator had improperly denied his request for benefits under the plan. Wilkins brought the second case against the same party, but under a different legal theory -- breach of fiduciary duty. If the Court in *Wilkins* had ruled for Wilkins, it would have "allowed him and other ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result that the Supreme Court expressly rejected." *Wilkins, 150 F.3d at 616.* Because Wilkins' claim was fully and fairly litigated under *29 U.S.C. § 1132* **[*14]** (a)(1)(B), there was no cause of action remaining to him for a breach of fiduciary duty under § 1132(a)(3). Significantly, the court in *Wilkins* implies a right of action under § 1132(a)(3) -- precisely the remedy Plaintiff is seeking in the present action. *See Wilkins, 150 F.3d at 616.* Plaintiff's action is distinguishable from *Wilkins* in that Plaintiff has brought the second case under a different legal theory, but also against a different defendant. *Wilkins* bars Plaintiff from bringing a second action against Phoenix for a breach of fiduciary duty. It does not bar Plaintiff's action against Advantage Health for a breach of fiduciary duty.

Advantage Health also asserts that in the Sixth Circuit there is no remedy for a failure to inform, citing *Jane Lewandowski v. Occidental Chemical Corp., 986 F.2d 1006 (6th Cir. 1993).* In *Lewandowski*, a widow filed an action for damages against the administrator of her deceased husband's ERISA plan. The administrator had failed to provide a summary plan, an updated summary plan, a statement of vested interests, and a summary of post-termination plan modifications as required under ERISA. The Sixth **[*15]** Circuit panel declared that "ERISA does not remedy procedural violations with a damage award." *Lewandowski*, at 1010.

*Lewandowski*, however, is inapplicable to the case before the Court. Plaintiff is not claiming that Advantage Health is liable because it failed to follow ERISA procudures. The legal theory here is the Advantage Health breached its fiduciary duty under ERISA by unilaterally reducing Dr. Van Noord's life insurance benefits; failing to inform Dr. Van Noord of the impending reduction; and failing to inform Dr. Van Noord that the reduction was to have taken place on February 5, 1998. Plaintiff does not allege a mere violation of ERISA procedures as in *Lewindowski*.

On the other hand, there is ample authority for the proposition that when a plan administrator breaches a fiduciary duty to a plan participant, ERISA provides for an individualized equitable remedy. *See 29 U.S.C. § 1132*(a); *Varity, 516 U.S. at 514.* A fiduciary has a duty not only to inform a beneficiary of new and relevant information as it arises, but also to advise him of circumstances that threaten interests relevant to the relationship." *Drennan v. General Motors Corp., 977 F.2d 246, 251 (6th Cir. 1992)* **[*16]** (citing *Eddy v. Colonial Life Insurance Co. of America, 287 U.S. App. D.C. 76, 919 F.2d 747, 750 (D.C. Cir. 1990).*

It is not necessary to consider whether Dr. or Mrs. Van Noord would have opted to increase their coverage or exercise the conversion clause of the policy. *See, e.g., Edwards v. State Farm Mutual Auto Insurance Co., 851 F.2d 134, 137 (6th Cir. 1988)* (finding that beneficiary who was misled by the plan administrator need not show detrimental reliance to succeed in claim). It is clear that when Dr. Van Noord's beneficiary was denied the previous level of $ 350,000 in insurance coverage that Decedent could have provided for her had he been properly informed, this was a result of Advantage Health's breach of its fiduciary duty to Dr. Van Noord. The Court finds that because Advantage Health breached its fiduciary duty to Dr. Van Noord and Plaintiff, it must pay Plaintiff the $ 350,000 life insurance benefit less any monies received thus far.

II. Advantage Health's Breach of Contract Claim Against Phoenix.

The second issue before the Court is Advantage Health's breach of contract claim against Phoenix. Advantage Health asserts that it [*17] had an enforceable contract with Phoenix under which Dr. Van Noord was to receive $ 350,000 of life insurance coverage through March 1998. Phoenix asserts that there was an enforceable contract, but for $ 129,000 in life insurance coverage. For the reasons set forth below, the Court finds that there was an enforceable contract for $ 129,000, and that Phoenix was not in breach of contract.

There is no question that immediately prior to February 5, 1998, Advantage Health and Phoenix had an enforceable contract providing for life insurance coverage in the amount of $ 350,000 for Dr. Van Noord. The February 5, 1998, letter from Advantage Health to Phoenix was intended to have the effect of modifying that contract by reducing coverage from $ 350,000 to $ 129,000.

Advantage Health, then, indicated a desire to reduce insurance coverage under the contract. Advantage Health relies on the fact that Phoenix failed to immediately change its coverage as requested. In a coverage statement and invoice dated March 1, 1998, Dr. Van Noord's coverage for the month of March is listed as $ 350,000, and the premium for Dr. Van Noord's coverage was $ 172.77. n10 Despite the fact that Phoenix's invoice [*18] to Advantage Health on March 1, 1998, failed to reflect this change, Advantage Health's claim must fail.

n10 Admin. R. Exh. 4, at 15.

The crux of Advantage Health's claim is that the premium it paid for March 1998 formed a valid contract of a life insurance policy in the amount of $ 350,000. The policy and pertinent case law, however, defeat this argument. The policy provides that when there is a decrease in the amount of insurance or benefits, the employee "will be insured for such decreased amount or benefits on the date of the decrease." *Group Certificate*, at 5. As this Court determined in *Van Noord I*, this provision governed the matter, making February 5, 1998, the contractually effective date of the decrease in Dr. Van Noord's life insurance coverage. *See Van Noord I, Third-Party Defendant's Response to Advantage Health's Motion for Summary Judgment* (Docket # 31), Exh. 1 at 10-11. In addition, the controlling policy documents indicate that payment of a premium is insufficient to create an enforceable [*19] contract. *See Application, Third-Party Defendant's Response* (Docket # 31), Attachment 3, Exh. A at 8 (providing that the premium payment will be returned if insurance coverage is denied and that premiums may be re-rated retroactively if necessary); *Master Policy, Third-Party Defendant's Response* (Docket # 31), Attachment 3, Exh. B at 5 (providing that Phoenix has the right to change the premium without the consent of any other party); *Q & A Plan Administration Booklet, Third-Party Defendant's Response* (Docket # 31), Attachment 3, Exh. C at 11 (advising an employer with questions about the billed amount to "pay as billed and note any changes on the Employee Change Report of your premium statement.").

Nor does the case law support the proposition that payment of a premium gives rise to a contract of insurance coverage on the payment date. The Seventh Circuit addressed this issue in *Chrobak v. Metropolitan Life Ins. Co., 517 F.2d 883 (7th Cir. 1975)*.

> During oral argument on this appeal there was discussion of whether the premium had been collected and if so whether this would in any way afford coverage. It was also indicated, however, that the premium [*20] had been refunded. In any event, we need do no more than note that in situations of this sort the payment procedure on a group policy and the wheels of government in connection therewith move ponderously and are not geared to the individual developments departing from the expected norm, which individual developments must, as here, be the subject of subsequent individual adjustment. The coverage of the policy cannot be expanded by the erroneous payment of premium, nor can it by the routine issuance of any notice pertaining to the policy issued without cognizance of the fact of death. n11

n11 *Chrobak*, 517 F.2d at 886.

The general principle is that unless a claim for reformation is based upon mutual (rather than unilateral) mistake, or is induced by fraud on the part of one party, relief is unavailable. *See Rolane Sportswear, Inc. v. U.S. Fidelity & Guaranty Co., 407 F.2d 1091, 1096 (6th Cir. 1969)*.

When on February 5, 1999, Advantage Health requested a reduction in coverage [*21] from three times to one time Dr. Van Noord's annual salary, that action was sufficient to modify the contract between the parties.

Advantage Health and Phoenix, therefore, were parties to a valid, enforceable contract for life insurance coverage in the amount of $ 129,000 (one time annual salary) for Dr. Van Noord. Advantage Health therefore has no basis in contract law for its claim.

Advantage Health is also barred from making a claim for three times Dr. Van Noord's salary because Mrs. Van Noord executed a release waiving all claims against Phoenix. Advantage Health cannot bring a claim under ERISA on behalf of Mrs. Van Noord after she has expressly waived that right. *See Barden Detroit Casino LLC v. City of Detroit, 59 F. Supp. 2d 641, 660 (E.D. Mich. 1999)*. Advantage Health has claimed that this is not an ERISA case at all, but a simply matter of contract law, the central issue in dispute is whether the plan administrator awarded the proper amount in benefits. The ERISA statute, moreover, winds its serpentine way throughout this case, and was the basis for this Court's finding against the Plaintiff in *Van Noord 1*. Even though Advantage Health is not a beneficiary **[*22]** of the insurance policy, the dispute between Advantage Health and Phoenix falls under ERISA, and not merely the common law of contracts.

Finally, Advantage Health's claim is barred by the doctrine of *res judicata*. To find a defense of collateral estoppel, the issue and parties must have been litigated already. *Res judicata* bars the same parties or their privies from re-litigating claims that arise from the same core of operative facts as a case in which there has been a judgment on the merits. *See Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995), cert. denied, 517 U.S. 1220, 134 L. Ed. 2d 949, 116 S. Ct. 1848 (1996)*.

The purpose of such a rule, of course, is to limit parties a single bite at the apple, thereby preserving judicial resources and allowing parties to rely upon judicial decisions. *See Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)*. Parties are in privity with one another if they share such an identity of interest that the same legal rights are represented. This relationship exists between a beneficiary and an administrator "or similar fiduciary manager of an interest of which **[*23]** the person is a fiduciary." *Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997)*. This was the nature of the relationship between Advantage Health and the Plaintiff, and therefore they are in privity with one another as it relates to the matter before the Court. Not only did Advantage Health advance Mrs. Van Noord's claim against Phoenix, but this Court has also found that Advantage Health was in a fiduciary relationship with Plaintiff. Although Advantage Health was not a party to *Van Noord 1*, the arguments offered by Mrs. Van Noord in that case are virtually identical to those offered by Advantage Health in this case. Those issues have been litigated and this Court will not revisit them.

### Conclusion

The Court finds that Defendant Advantage Health violated its fiduciary duty to Plaintiff when it failed to provide adequate notice to Plaintiff that Plaintiff's life insurance coverage of $ 350,000 was being reduced. The Court also finds that Third-Party Defendant Phoenix American did not breach its contract with Advantage Health when it paid Plaintiff $ 129,000 in life insurance benefits, and that in any case Advantage Health is barred from **[*24]** asserting that claim.

Accordingly, an order consistent with this opinion will be entered.

Date: August 8, 2001

ROBERT HOLMES BELL

CHIEF UNITED STATES DISTRICT JUDGE

### ORDER

In accordance with the opinion entered this date the Court hereby **ORDERS** that:

Plaintiff Barbara Van Noord's Motion to Supplement the Administrative Record (Docket # 38) is **GRANTED**; Plaintiff's Motion for Summary Judgment against Defendant Advantage Health (Docket # 23) is **GRANTED** and Defendant Advantage Health is **ORDERED** to provide Plaintiff $ 350,000 in death benefits, less what Plaintiff has received from Phoenix; Defendant Advantage Health's Motion for Summary Judgment (Docket # 26) is **DENIED** in its entirety; and Third-Party Defendant Phoenix Life's Motion for Summary Judgment (Docket # 24) is **GRANTED** and the Third-Party Complaint against it (Docket # 7) is dismissed with prejudice.

Date: August 8, 2001

ROBERT HOLMES BELL

CHIEF UNITED STATES DISTRICT JUDGE