UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD L. WINDERS, | : | |
| | : | |
| Plaintiff, | : | Case No. C-1-02-459 |
| | : | |
| v. | : | JUDGE WEBER |
| | : | |
| OHIO OPERATING ENGINEERS FRINGE BENEFIT PROGRAMS, | : : | |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE THE AFFIDAVIT OF RONALD L. WINDERS**

**I.   INTRODUCTION**

Plaintiff Ronald L. Winders ("Plaintiff") asserts that it is proper for this Court to expand the administrative record and consider his affidavit because the affidavit "was merely submitted to clarify the context of a document already in evidence."  See Memorandum in Opposition at 1. Plaintiff's position is based solely on the decision of Van Noord v. Advantage Health, Case No. 1:00-CV-775, 2001 U.S. Dist. LEXIS 11844 (W.D.Mich. 2001) (copy attached to Plaintiff's memorandum in opposition).  However, the Van Noord decision has no relevance to this litigation and it does not support the review and consideration of Plaintiff's affidavit.

**II.   ARGUMENT**

      **A.   The Van Noord Decision.**

The sole claim asserted by Plaintiff in the instant matter is a claim for benefits under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") against an ERISA plan.  In contrast, the plaintiff in Van Noord was not asserting a claim for benefits, but

rather a claim of breach of fiduciary duty against an employer. Van Noord, 2001 U.S. Dist. LEXIS at *2. This distinction is critical.

The plaintiff in Van Noord sought to recover life insurance benefits through an ERISA plan provided by her deceased husband's former employer. Id. at *2-3. The plaintiff initially brought a claim for benefits against the ERISA plan and the district court ruled in favor of the plan. Id. at *5. Thereafter, the plaintiff filed a second lawsuit against the employer for breach of fiduciary duty. Id. at *5-6. The defendant employer then filed a third-party complaint against the ERISA plan, the defendant in the first lawsuit. Id. at *6. Upon being named as a third party defendant, the ERISA plan "re-filed the Administrative Record from *Van Noord I*" in the second lawsuit. Id. at *6.[1] After reviewing this proposed administrative record, the defendant employer and the plaintiff agreed at an initial status conference that the administrative record from Van Noord I did not contain all documents necessary for the court's review of the breach of fiduciary duty claim at issue in Van Noord II. Id. at *6.

In order to present these additional documents to the district court, the plaintiff in Van Noord filed a "motion to amend the administrative record." Id. at *2.[2] The Van Noord court granted the motion. Id. at *7. Although the district court referred to the documents as "background information," it correctly recognized that the documents were critical to its review of the breach of fiduciary duty claim and that the denial of the motion to supplement "would be akin to . . . a denial of discovery." Id. at *6. The additional documents did not "clarify the context" of documents already in the administrative record. Rather, the documents at issue were

---

[1] Unlike Van Noord, the administrative record in this lawsuit was reviewed by both parties, agreed upon, and then jointly filed with this Court.
[2] Plaintiff failed to file a motion for leave to amend the administrative record. Rather, Plaintiff simply attached his affidavit to a reply memorandum without any advance notice to Defendant.

-3-

"copies of employment contracts between [the defendant employer] and Dr. Van Noord and memoranda regarding life insurance coverage for Dr. Van Noord." Id. These additional documents were critical to a determination of whether the employer made representations that contradicted those set forth in the ERISA plan.

  B.  **The Van Noord Decision Has No Relevance To This Litigation.**

  Unlike the documents at issue in Van Noord, the document that Plaintiff is requesting this Court to consider is his after-the-fact affidavit that purports to explain a document contained in the administrative record. The Van Noord decision does not support the review of Plaintiff's affidavit for two primary reasons.

  First, unlike the documents at issue in Van Noord, the exclusion of Plaintiff's affidavit will not "be akin to . . . a denial of discovery." Van Noord, 2001 U.S. Dist. LEXIS 11844 at *5. Rather, Plaintiff's affidavit is *irrelevant* to this Court's review of the Plan's decision. The determining issue as to whether Plaintiff is entitled to the benefit he is seeking is whether his father "satisfied **all requirements** for a [pension] benefit to commence under the Plan . . . ." Agreed Administrative Record at JR-0001 through JR-0005 (emphasis added) (hereinafter "AR at ___"). The Plan has adopted a thorough application procedure for pension benefits. Participants are specifically advised that the completion of this procedure normally takes 60 days to complete. The only step in this procedure that Plaintiff's father completed was the initial step, the filing of an application for pension benefits.

  Just five days after the Plan acknowledged receipt of the application for pension benefits, Plaintiff's father died. At the time of his death, the following requirements for a pension benefit to commence had not been satisfied: (1) Plaintiff's father had not elected a payment form for his pension; (2) Plaintiff's father had not designated a beneficiary to receive the pension benefits

following his death; (3) Plaintiff's father had not provided all required documents and information to the Plan; and (4) Plaintiff's father had not received the notice required by federal law that he had a ninety day period to alter his payment form election once an election had been made.

The work status of Plaintiff's father at the time of his death is not one of the elements relevant to a determination of whether he "satisfied all requirements for a [pension] benefit to commence under the Plan . . . ." AR at JR-0001 through JR-0005. Plaintiff's father had not completed all of the requirements for a pension benefit to commence under the Plan regardless of whether his last day of work was June 28, 2001, the date alleged by Plaintiff in his affidavit, or July 11, 2001, the date of his death. Accordingly, the purported explanation of the Agreed Administrative Record set forth in Plaintiff's affidavit is not relevant to this Court's review of the Plan's decision to deny Plaintiff's claim for increased death benefits.

Moreover, even if relevant, the Sixth Circuit's decision in Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609 (6th Cir. 1998), precludes the review of this additional evidence. As Plaintiff recognizes, the Wilkins decision limits a district court's review of a claim for benefits to the "administrative record." Id. at 619. A party may properly submit "evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision." Id. Plaintiff's position that a mere disagreement with a plan administrator's decision is sufficient to establish this "procedural challenge" is inconsistent with Wilkins.

Similar to this matter, the plaintiff in Wilkins sought to submit an affidavit that provided a physician's "impressions" of a document properly contained in the administrative record. Id. at 615. The Wilkins court held that the district court properly refused to consider this affidavit

-4-

-5-

because it "was not included in the record upon which [the plan administrator] based its decision." Id. Accordingly, if the affidavit would have been considered by the district court, the district court would have based its ultimate decision on evidence "the administrator had no opportunity to consider." Id. at 618.

Plaintiff's affidavit is no different from the affidavit rejected by the Wilkins court. Plaintiff failed to provide the affidavit or the testimony set forth in the affidavit to the plan administrator. Accordingly, because Plaintiff's affidavit "was not included in the record upon which [Defendant] based its decision," it should not be part of the administrative record reviewed by this Court. Wilkins, 150 F.3d at 615.

### III.   CONCLUSION

Based on the above-cited arguments and authorities, the affidavit of Ronald L. Winders should be stricken from the record and not considered by this Court in reviewing Magistrate Judge Hogan's Report and Recommendation.

Respectfully submitted,

s/Thomas M. Tarpy
Thomas M. Tarpy          (0021723)
Scott A. Carroll         (0062115)
David A. Campbell        (0066494)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
(614)  464-6400

Attorneys for Defendant
Ohio Operating Engineers Pension Fund

-6-

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing was served on counsel for Plaintiff, Anthony J. Gertz, Gertz & Gertz, L.P.A., 401 Pike Street, Reading, Ohio 45215 and Randy J. Blankenship, Robbins, Kelly, Patterson & Tucker, 7 West Seventh Street, Suite 1400, Cincinnati, Ohio 45202-2417, by regular U.S. mail, postage prepaid, this 8th day of December, 2003.

                                                s/David A. Campbell
                                                David A. Campbell